## No. 14,001.
### INDEMNITY INSURANCE COMPANY OF NORTH AMERICA
### *v.* SMITH.
(70 P. [2d] 343)

Decided June 28, 1937.

Mr. H. BERMAN, Mr. FRED N. HOLLAND, Mr. JOSEPH N. LILLY, for plaintiff in error.

Mr. S. M. TRUE, Mr. BENJ. A. WOODCOCK, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

DEFENDANT in error instituted this action for the recovery or cancellation of securities in the form of notes and mortgages executed and advanced by her in connection with the formation of the Progressive Insurance Company, which filed its articles of incorporation on July 9, 1929, proposing to do a general life insurance business. Compliance with the statutes governing the formation of such corporations required the incorporators to furnish bond to the insurance commissioner for a return of money paid upon stock subscriptions in the event the organization of the company was not perfected. The organization was not perfected; however, in the process, the plaintiff in error, Indemnity Insurance Company of North America, issued its bond to the incorporators before books of the company were opened for the subscription of stock. The incorporators, by solicitation, had obtained from defendant in error a note and mortgage for $8,000 on her residence in Greeley, Colorado, and a note and mortgage of $10,000 on a farm in that locality which were obtained with the understanding that the securities would be placed with the insurance commissioner of Colorado for the use of the insurance company then in formation, and with the further understanding that stock of the proposed company would be issued to her in the amount of $18,000, and further that upon her request and a return of the stock issued to her, the notes and mortgages would be returned to her in the same condition as given. The incorporators, in order to obtain the bond required, before subscriptions to stock could be taken, deposited these notes and mortgages with plaintiff in error, the bonding company, as collateral. The incorporators advised the agent of the bonding company how the securities were obtained from the maker, at the time of the issuance of the bond, and during the negotiations an agreement given to defendant in error by the Pro-

gressive Insurance Company was exhibited, which is as follows:

"Greeley, Colorado
August 30, 1929

"We, the undersigned, have this date received from Almina Smith of Greeley, Colorado, Note and Mortgage amounting to Eight Thousand Dollars on the residence at 1513 9th Avenue, and Note and Mortgage amounting to Ten Thousand Dollars on a farm four miles east of Greeley.

"It is understood and agreed that these securities will be placed with the Insurance Commissioner of Colorado for the use of the Progressive Insurance Company in compliance with the laws governing the organization and operation of a legal reserve life insurance company.

"It is further understood and agreed that stock will be issued in the amount of Eighteen Thousand Dollars to Almina Smith when authority is granted the Progressive Insurance Company to issue stock.

"It is further understood and agreed that upon the request of Almina Smith, and the return of the issued stock, the above mentioned securities shall be returned in the same condition as received, to her, as soon as possible.

"The Progressive Insurance Company
By Galen Byrnes
J. S. Moynahan

"Witness:
M. M. Byrnes."

Application was made for, and a bond issued in the sum of $25,000, after collateral in the amount of $40,000 had been deposited with the issuer, plaintiff in error, including the notes and mortgages here involved. Books for the sale of stock were opened about September 5, 1929, upon authority of the insurance commissioner. In the fall of 1931, a receiver was appointed for the insurance company and immediately following, the authority to sell stock was revoked. At about this time, defendant

in error filed suit against the receiver of the insurance company for a return of her securities. In November, 1931, she learned that they were in the hands of the Indemnity Company, plaintiff in error, and December 8, 1934, she instituted this action against it, which was tried to the court and judgment rendered June 18, 1935, in her favor, ordering surrender and delivery of the notes and mortgages to her.

Galen Byrnes and M. M. Byrnes, two of the incorporators, were made defendants and filed a waiver of issuance and service of process but did not answer.

The three assignments of error are to the effect that the trial court erred in not holding: That the action was barred by the statute of limitations, particularly sections 6403 and 6404, C. L. 1921; that plaintiff in error is an innocent holder in due course; that defendant in error was guilty of laches and precluded by estoppel; and that the cause of action is res judicata.

 The solution of the question of the bar of the statute of limitations in this case depends upon the nature of the action and the status of the parties thereto. Application of the statutes relied upon requires that the action be one grounded in fraud, or an action for relief due to the existence of a trust. In the first instance, the action must have been filed within three years after the discovery of the fraud by the aggrieved parties. Under the second section the action must have been filed within five years after the cause shall have accrued. The trial court found, and we believe correctly, that this is an action for relief under an existing trust. This finding was based upon, and supported by, substantial evidence and will not be disturbed. That the finding is supported by the evidence is clearly apparent from the written instrument signed by the incorporators in the name of the corporation, and delivered to defendant in error and upon which she surrendered her securities. It further finds support in the unquestioned testimony to the effect that the existence of this agreement and the manner in which the se-

curities were obtained was fully disclosed to the Indemnity Company, plaintiff in error, which issued the bond. It took these securities as collateral for the issuance of a bond the terms of which required the return of all money paid by subscribers for stock in the event organization of the corporations was not perfected. With this knowledge plaintiff in error, in accepting the securities as collateral, became a constructive trustee, and the placing of the burden upon it to answer therefor, is a correct application of equitable principles in the furtherance of justice. The complaint specifically sets out a trust relationship and seeks enforcement according to its terms; consequently the five year statute clearly is applicable under the evidence showing the dates when the cause of action accrued and the filing of the suit. This disposes of the second assignment of error based upon the refusal of the court to hold that plaintiff in error was an innocent holder of the securities in due course.

■■ On the question of laches and estoppel, it is significant that during the entire period from the time the Indemnity Company, plaintiff in error, first came into possession of the securities until the trial of this cause, it never notified defendant in error that it held the securities and never required payment of interest or principal as provided therein. This negatives its claim that it held them as an innocent purchaser in due course. Defendant in error had the right to assume, unless otherwise advised, that her securities were placed where it had been agreed they would be placed; that is, with the insurance commissioner. The agreement held by her relating thereto so provided. By reason of the nature of the formation of an insurance company, all of this change in the handling of her securities could easily take place without her knowledge and there was no particular reason why she should inquire as to what was being done with them. Her failure to do so and her failure to bring suit, even though she was aware of their location, did not injuriously affect plaintiff in error or change its position

to its prejudice. It does not contend that it was injured or prejudiced and produced no evidence to that effect. It therefore is evident that the trial court correctly found that defendant in error is not estopped and was not guilty of laches.

The North American Insurance Company, as assignee of a number of cash subscribers for stock in the insurance company, which was in the course of formation during the period here involved, brought suit in the district court of Denver against the Indemnity Company upon the bond which the latter had issued and to which reference is made herein. The judgment in this action required the Indemnity Company, plaintiff in error here, to pay the amount of the face of the $25,000 bond into court, which was distributed pro rata among the cash subscribers. Defendant in error did not participate in this distribution because she had not paid cash; she was not a party to that action and had no knowledge of it. The securities which she now claims were not involved in that litigation and no judgment was entered therein affecting her rights or her property. These were requisites before that action could be said to be res judicata as to the present suit.

Judgment affirmed.

Mr. Chief Justice Burke and Mr. Justice Knous concur.