No. 19,653.

THOMAS K. HUDSON *v.* WESTERN OIL FIELDS, INC.
(374 P. [2d] 403)

Decided July 23, 1962. Rehearing denied September 24, 1962.

Mr. CLARENCE W. BUTTON, Miss ALICE LOVELAND, for plaintiff in error.

Messrs. NEEF, SWANSON and MYER, Mr. ROBERT SWANSON, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error was plaintiff in the trial court and will be referred to by name. Defendant in error will be referred to as "Western."

Hudson brought suit in the district court for damages resulting from Western's failure to deliver to him certain shares of stock decreed to him under an assignment from one Floyd F. Rathbun, hereafter called Rathbun. Material allegations of the complaint were that an arbitration award stemming from a dispute between Rathbun and Western had been reduced to judgment in the district court under which Rathbun became entitled to 100,000 shares of Western common stock. Under an assignment from Rathbun 26,114 shares of common stock were to be turned over to Hudson. It was further alleged that Western should have delivered the stock on March 7, 1956, but had refused to do so although demands were made upon Western many times until April 24, 1958. Hudson's claim for damages was that in the two-year period in which Western had withheld the stock from him the market declined resulting in a loss.

In its answer Western attempted to collaterally attack the arbitration award and judgment of the district court

in favor of Rathbun on the ground that it was null and void. An additional defense interposed by Western was that Rathbun was to perform two conditions before he (and his assignee Hudson) was entitled to receive the stock, and that such conditions precedent had not been performed.

In reply to these defenses Hudson alleged that Western was estopped to challenge the judgment entered after the filing of the arbitration award because no appeal had been taken therefrom and that said judgment was final. As additional answer and reply Hudson alleged that the issues of both the validity of the arbitration award and the district court judgment and the performance by Rathbun of the conditions precedent to his entitlement to the stock, had been fully and finally adjudicated in the suit by Rathbun against Western in the United States District Court, and that in the same suit Rathbun had been awarded damages in the amount representing the difference between the value of the stock as of the date it should have been delivered and its value on the date of delivery.

Trial was to the court. To meet the issue whether Rathbun had performed the two conditions precedent to his being entitled to delivery of the stock and to support the contention that such issue was res judicata, Hudson offered an exemplified copy of the judgment roll of the United States District Court and the findings and judgment of the court as affirmed by the United States Court of Appeals for the Tenth Circuit wherein it had been judicially determined that Rathbun had fully tendered performances of the conditions precedent and that Western wrongfully refused to accept performances and that Rathbun became entitled to delivery of the stock on March 7, 1956. The trial court refused to admit in evidence the judgment roll of the United States District Court, entered judgment in favor of Western and dismissed Hudson's complaint solely on the ground that

Hudson failed to prove the performances by Rathbun of the conditions precedent entitling Rathbun, and Hudson as assignee, to delivery of the stock.

## Question To Be Determined.

*Was the issue whether Rathbun had performed the conditions precedent to his being entitled to delivery of the stock res judicata so as to bar the district court in Denver from relitigating this same question in the instant case?*

■ We hold that the United States District Court judgment was res judicata of all of the issues before the trial court and proof of the judgment in the United States court was erroneously rejected.

The suit brought by Rathbun in the United States court was identical to that brought by Hudson in the Denver district court. The defenses interposed by Western against Rathbun were identical to those set up against Hudson. In the United States court Western challenged the validity of the arbitration award and the judgment of the Denver district court entered thereon. In the present action Western also contended that Rathbun had not performed the two conditions set out in the arbitration award as being precedent to Hudson's right to delivery of the stock through Rathbun. On these issues the United States court found that the arbitration award was valid. The court also made a specific finding that Rathbun had done everything to perform the conditions but that Western "has been and is acting in bad faith in attempting to delay its being compelled to abide by its agreement to be bound by the arbitrator's award and in attempting to delay and prevent Rathbun from receiving the stock to which he is entitled under the arbitrator's award."

The pertinent conclusions of law of the United States District Court are in the following paragraphs:

"5. Plaintiff has tendered performance of all that was required of him under the arbitrator's award, and the

arbitrator has expressly approved the tender. Since March 7, 1956, plaintiff and Holland have been ready, willing and able to perform the obligations and conditions imposed upon them by the arbitrator's award, but Western Oil Fields, Inc. has rejected all tenders of performance. Rathbun is entitled to summary judgment requiring Western Oil Fields, Inc. to specifically perform its agreement to be bound by the decision of the arbitrator."

"8. Continuously since March 7, 1956, Rathbun and Holland have been ready, willing and able to perform the conditions and obligations imposed upon them by Section I of the arbitrator's award, and they have been ready, willing and able to perform their agreement to be bound by the arbitrator's award."

"9. Western Oil Fields, Inc. is liable in damages to plaintiff for any depreciation in the value of the common capital stock of Western Oil Fields, Inc. from March 7, 1956, to the date that the amount of damages, if any, is determined * * * "

 The trial court mistakenly took the position that the United States District Court judgment was not res judicata of the issue before it because the parties were not identical since Hudson was not a party to that suit. What the court overlooked is that the parties need not be identical if their interests are identical, or if the party to the action is in privity with the party later asserting the doctrine of res judicata. A clear statement of the principle involved is to be found in *Law of Estoppel and Res Judicata,* 1 Henry Herman, page 149:

"A personal judgment or a judgment between parties not only binds the parties but those claiming under or through the parties. Therefore such judgments conclude, viz: 1st Parties and 2d Privies thereto. The term privity used in this connection denotes mutual succession or relationship to the same rights of property. Persons standing in this relation to the litigation party are bound

by the proceedings to which he was a party, and the reason for this rule is, that they are identified with him in interest, and whenever this sameness is found to exist, all are alike estopped."

The doctrine was laid down early in Colorado, in the case of *Godding v. Colorado Springs Live Stock Co.,* 4 Colo. App. 14, 34 Pac. 942. In that case, as here, an assignment was involved. There, by reason of errors committed similar to the one committed here by the trial court, two trials were had on the same issue in different courts, with diametrically opposed results. In establishing the test of res judicata the court said:

"The whole policy of the law is against the re-trial of issues once determined by a court of competent jurisdiction. * * * 'The rule in these cases is, that a point once adjudicated by a court of competent jurisdiction may be relied upon as an estoppel in any subsequent suit in the same or any other court at law or chancery *where either party or the privies of either party* allege anything inconsistent with it.' "

Other cases on the subject are *Pomponio v. Larsen,* 80 Colo. 318, 251 Pac. 534; *Smith v. Cowell,* 41 Colo. 178, 92 Pac. 20; *Fort v. Bietsch,* 85 Colo. 176, 274 pac. 812.

There is evidence in the record by which Hudson attempted to show the difference in the value of the stock between the date when it should have been delivered — March 7, 1956 — and the date he finally received the stock after the United States court judgment put Rathbun in possession of the stock so as to enable him to fulfill his assignment agreement. Since the trial court, however, made no finding as to the validity of this tendered evidence, this Court is in no position to make a money award based thereon.

On the question of the amount of damages, i.e., the difference in the value of the stock between the two critical dates, the judgment is reversed and the cause remanded to the trial court for determination of this

question alone, and for the entry of judgment in the amount so determined.

MR. JUSTICE MCWILLIAMS not participating.