No. 20,241.

LOUIS FALKENBURG v. EUGENE D. STERNBERG.
(388 P. [2d] 771)

Decided January 27, 1964.

Mr. NATHAN LEE BAUM, for plaintiff in error.

Messrs. WILLIAMS, ERICKSON & BROWN, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error was defendant in the trial court. We will refer to him as defendant or by name. Defendant in error was plaintiff and will be referred to as plaintiff or by name.

The action was brought by Sternberg to collect the balance alleged to be due him for professional services as an architect. Plaintiff was successful in the trial court and recovered judgment against defendant for the sum of $1,090.58. It was alleged in the amended complaint filed by plaintiff that a written contract was entered into between plaintiff and defendant entitled, "The Standard Form of Agreement Between Owner and Architect." The contract related to the erection of a medical-dental and pharmacy building in Adams county. By the terms of this contract plaintiff agreed to render architectural services in the construction of the building for a fee of 8% of the cost, which defendant agreed to pay, and it was agreed that plaintiff was to receive further compensation for extra reproductions of drawings in connection with the work. Plaintiff alleged that the cost of the building was $44,456.03 and the cost of the reproductions was $134.10. He further alleged that he had performed all of his work as provided in said contract; that he had received payment in the amount of $2,500.00 and there was still due and owing to him the sum of $1,190.58. Plaintiff further alleged that on or about February 21, 1958, he and defendant struck and assented to an account stated; that defendant was to receive a credit of $100.00 on the balance claimed by plaintiff, leaving a balance due of $1,090.58 which defendant agreed to pay in full forthwith, but which amount he failed to pay.

By answer duly filed, defendant denied the contract between himself and plaintiff, and alleged that the contract in question was between plaintiff and the Falken Investment Corporation. (Defendant was the president and owner of 98% of the stock of the corporation.) He admitted that the work was substantially completed but alleged that the work was defective in numerous minor details, and denied that plaintiff and defendant struck and assented to an account stated as alleged in the amended complaint.

While defendant denied the existence of an account stated, he affirmatively alleged that in the event there was such an account stated it was brought about by the false representation made by plaintiff that he had fully complied with his contract and had properly supervised the construction to completion of the building. Defendant alleged that plaintiff failed to properly supervise the construction, as a result of which numerous defects in the building have appeared. Defendant by counterclaim sought judgment against plaintiff in the amount of $12,963.60.

It is admitted that another action was filed in the district court of Adams county by the general contractor against the Falken Investment Corporation, for the construction of the building. In that action the defendant corporation filed a third party complaint against Sternberg which was identical in all material respects to the counterclaim which Falkenburg filed in the instant action. Sternberg joined issue on these allegations made by the corporation. In the Adams county action the court dismissed the third party complaint of the corporation against Sternberg.

In the instant action, at the pretrial conference, the trial court ruled that:

"7. The following issues of law and no other, remain to be litigated at the trial:

"(a) Is Defendant personally liable for the payments to be made to Plaintiff under the Contract, Exhibit A?

"(b) Is there an account stated between Plaintiff and Defendant for payment of $1,090.58 to Plaintiff by Defendant?

"8. The Court decides that the judgment of dismissal of the third party Complaint against Plaintiff Sternberg in the Adams County suit is conclusive against the Defendant upon the following issues presented by the pleadings in this case:

"(1) The issues tendered by paragraph 2 of Defendant's 'Answer to the First Claim,' and by the same paragraph 2 as incorporated by reference in Defendant's 'Answer to the Second Claim.' (These references eliminated defenses based on defective workmanship.)

"(2) The defense of fraud or false representations set up on page 4 of Defendant's 'Answer and Counterclaim.' (Related to claim based on "account stated.")

"(3) Defendant's 'Counterclaim.'

"Accordingly, the Counterclaim of Defendant against Plaintiff and the defenses in the Answer and Counterclaim specified immediately above in this paragraph of the Pre-Trial Order are hereby stricken, in order to simplify the issues in this case."

The trial court further ordered that, "* * * this Order shall supplement the pleadings and cover the course of the trial of this cause unless modified to prevent manifest injustice."

Falkenburg's attorney objected to the action of the trial court in striking the affirmative defenses and the counterclaim of the defendant, and limiting the issues as above indicated. The position taken by counsel for the defendant with reference to the Adams county action was stated as follows:

"MR. BAUM: I was going to object to part of the opening statement of counsel, because Dr. Louis Falkenburg, himself, as an individual was not a party to the Adams County suit. The Falken Investment Corporation was a party to the Adams County suit, and therefore, the issue was not decided adversely to Dr. Falkenburg as an in-

dividual. He wasn't a party to this suit, and therefore, it couldn't have been decided adversely to him as an individual."

Thus the trial court limited the issues to be tried to the two questions, viz:

(1) "Is defendant personally liable for the payment to be made to Plaintiff under the Contract, Exhibit A?

(2) "Is there an account stated between Plaintiff and Defendant for payment of $1,090.58 to Plaintiff by Defendant?"

■ With reference to question (1) above, there was ample evidence to support the finding of the trial court that Falkenburg was personally liable upon the contract which was admittedly signed by him in his individual capacity. The plaintiff testified that he did not contract with anyone except the defendant, and that any statements submitted to the corporation of which defendant was president were presented in that manner upon the request of defendant that bills should be sent to the corporation. The fact that checks drawn by defendant on the corporate account were submitted in part payment of fees due plaintiff, did not as a matter of law relieve the defendant from liability upon his written contract.

As to question (2) above, there are, unfortunately, no specific findings as to whether an "account stated" resulted from a conference held between the parties on February 21, 1958. The statements of the trial court are not consistent on the question. We find the following:

"* * * These facts, generally, are agreed by and between these parties, *and the sole question,* without going into all these facts, for the determination of this court, is whether or not Sternberg was dealing with the defendant, Louis Falkenburg, or the Falken Investment Corporation." (Emphasis supplied.)

This statement negatives the idea that the court gave weight to the question of "account stated." Yet the judgment entered by the trial court could only be justified on the conclusion that the claim of "account stated" was es-

tablished and formed the basis of the court's judgment. If it were otherwise the judgment should have been for an increased amount (assuming the court's conclusions with reference to the Adams county proceeding to be correct.)

Under the foregoing state of the record we now consider the question of whether the trial court erred in "limiting the issues" by striking defendant's counterclaim and allegations of false representations, and failure to perform as per the contract. The finding of the trial court that the corporation was not the contracting party and that only Falkenburg and Sternberg were bound by the contract, was correct. It follows that the trial court committed error in holding that Falkenburg individually was bound by the action of the Adams county court in dismissing the claim filed by Falken Investment Corporation against the third party defendant Sternberg in an action to which Falkenburg was not a party. In that action only Falken Investment Corporation was named defendant, and only that corporation was third party plaintiff against Sternberg as third party defendant. The participation of Falkenburg in the Adams county action was only in a representative capacity as president of the corporation. From all that appears in the record before us with relation to the Adams county case, the dismissal of the claim of the corporation against Sternberg might have been based upon the proposition that the claim, if any, could not be asserted by the corporation which was not a party to any contract with Sternberg. The order of the Adams county court directing dismissal assigns no reason for the action, and only a general statement that the third party complaint is "dismissed" is all that appears. From the well documented case of *Newby v. Bock*, 120 Colo. 454, 210 P. (2d) 985, we quote the following pertinent language:

"The general rule seems to be that if there is identity of subject matter; identity of cause of action; identity of persons to the action, and identity of capacity in the per-

sons for which or against whom the claim is made, that these four identities existing, a prior judgment is conclusive not only as to every question actually presented and decided, but also as to every question within the issues which might have been presented and determined. Accordingly, the rule announced in *Pomponio v. Larsen,* supra, has been the rule in this jurisdiction from its early history and finds support in many other jurisdictions and recognized texts and encyclopedias. * * *"

Numerous decisions are cited following the above quotation.

Lacking in the instant action are two attributes which are essential to application of the doctrine of res adjudicata, namely, "identity of persons to the action, and identity of capacity in the persons for which or against whom the claim is made."

The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

MR. JUSTICE DAY not participating.