## No. C-337

## William A. Cleveland Pomeroy v. Alan J. Waitkus
(517 P.2d 396)

Decided December 17, 1973. Rehearing denied January 14, 1974.

Yegge, Hall & Evans, Wesley H. Doan, Wesley Hoyt, Raymond J. Connell, for petitioner.

Martin, Knapple & Johnson, James G. Martin, Helen Garfield, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Certiorari to the Court of Appeals was granted to review the decision in *Waitkus v. Pomeroy,* 31 Colo. App. 396, 506 P.2d 392. We reverse.

The controversy arose out of an automobile accident which led to successive actions for personal injuries suffered by Stephen Zeiler and Alan J. Waitkus (respondent) against William A. Cleveland Pomeroy (petitioner), in whose automobile they were riding as guest-passengers. In the first action, Zeiler was successful in recovering judgment against Pomeroy for $5,000. This judgment was affirmed on appeal in *Pomeroy v. Zeiler,* 473 P.2d 988 (Colo. App.).

Pending appeal of the Zeiler case, Waitkus commenced his action against Pomeroy for damages for his personal injuries resulting from the accident. Waitkus' action involved the application of the doctrine of collateral estoppel which he affirmatively asserted as a bar to relitigation of Pomeroy's liability, which was found and determined in the *Zeiler* case. It is the diverse rulings of the trial court and the Court of Appeals concerning application of the collateral estoppel doctrine that give rise to the specific issues we now resolve in this certiorari proceeding. Because of the rather complicated nature of the trial and appellate proceedings, we believe it helpful to recite in *haec verba* pertinent portions of the

history of the case as set forth in *Waitkus v. Pomeroy, supra.*
"While driving a sports car with Stephen Zeiler and Alan J.
Waitkus as passengers, William A. Cleveland Pomeroy at-
tempted to overtake an automobile being driven at a high
speed by one Jan Kevin Vesey. Pomeroy lost control of his
car which went into a broadside skid and smashed into a tree.
Zeiler and Waitkus were both injured in the accident. Zeiler
brought an action against Pomeroy, the driver of the car in
which he had been riding, and against Vesey, the driver of the
car Pomeroy was pursuing. Zeiler alleged that both Pome-
roy's gross negligence and Vesey's negligence were the
proximate cause of his injuries. At the conclusion of
plaintiff's evidence, the trial court directed a verdict in
Vesey's favor. The jury subsequently awarded Zeiler a $5000
judgment against Pomeroy. The result in that case was
affirmed by this court. *Pomeroy v. Zeiler,* 473 P.2d 988.

"Waitkus, the other passenger in the car driven by Pomeroy,
initiated the present action against Pomeroy, Vesey, and
Vesey's father, asserting the same basis for recovery as did
Zeiler in his earlier action. Waitkus moved for summary
judgment against Pomeroy on the issue of liability, asserting
that the doctrine of res judicata prevented defendant
Pomeroy from denying and thus relitigating that issue. The
court granted plaintiff's motion for summary judgment.

"Defendants Vesey thereafter moved for summary judgment
on the basis that the same doctrine should prevent the
plaintiff Waitkus from asserting against them the identical
issues that had been determined in Vesey's favor in *Pomeroy
v. Zeiler, supra.* Defendants Vesey argued that the theory
upon which the court granted plaintiff a summary judgment
on the issue of defendant Pomeroy's liability should apply
with equal force to their motion for summary judgment.
Accordingly, the court granted defendants Veseys' motion
for summary judgment and dismissed them from the case.
Trial to a jury, solely on the issue of damages, resulted in an
award in favor of plaintiff and against defendant Pomeroy in
the amount of $100,000.

"Defendant Pomeroy filed a motion for new trial on the

ground that the court erred in granting both motions for summary judgment. Defendant Pomeroy argued that the court erred in ruling that the result in the previous action, *Pomeroy v. Zeiler, supra,* could be asserted as collateral estoppel in the present case. Pomeroy also asserted, as additional grounds for new trial, that the trial court erred in failing to excuse a juror for cause and that the verdict was grossly excessive.

"In its minute order, the court ruled as follows concerning the motion for new trial: 'Motion for new trial is now granted in its entirety. All parties are put back in the same position they were in at the beginning of the trial.' The trial judge then disqualified himself from the case, which was reassigned to another judge.

"Plaintiff again moved the court for summary judgment against defendant Pomeroy on the issue of liability. The grounds for the motion were precisely the same as in plaintiff's previous motion for summary judgment. Similarly, defendants Vesey again moved for summary judgment against plaintiff Waitkus on the same grounds as they had previously. This time the court denied both motions and a second trial to a jury on all issues resulted in a verdict for the plaintiff and against the defendant Pomeroy and defendants Vesey jointly for damages in the amount of $33,000.34.

"Plaintiff thereafter moved the court for an order altering and amending the judgment entered on the second verdict. Plaintiff complained that the judgment entered after the second trial was in error and argued that the earlier verdict in the sum of $100,000 should be reinstated against defendant Pomeroy, and that judgment on the second verdict, in the amount of $33,000.34, should be entered against defendants Vesey only. The motion to amend or alter the judgment was denied, and from the judgment entered on the second verdict, plaintiff appeals. * * *"

In summary the trial court, as indicated initially, ruled that the determination of liability issue in the *Zeiler* case collaterally estopped Pomeroy from relitigating that issue in the *Waitkus* case. The subsequent trial was then limited to damages only, resulting in a verdict of $100,000 against

Pomeroy. On reconsideration on motion for a new trial, the court reversed its position, holding inferentially that the collateral estoppel doctrine had no application in the posture of the case to bar the trial of *all issues* as found by the pleadings. After a new trial on all issues, the joint and several verdict against Pomeroy and the Veseys was rendered in the sum of $33,000.34. Waitkus appealed to the Court of Appeals. Defendants Vesey did not join in the appeal. The Court of Appeals decided the trial court had been correct initially in its application of collateral estoppel and it reversed and remanded the case for further proceedings consistent with its views as stated in *Waitkus, supra.*

The sole issue with which we are confronted here is whether the Court of Appeals correctly ruled that the doctrine of collateral estoppel could be applied against Pomeroy as a bar to litigating the issue of liability as between Waitkus and Pomeroy. In other words, did the determination in the *Zeiler* case that Pomeroy was negligent and liable to Zeiler bind Pomeroy to respond in damages to Waitkus for the reason that both Zeiler and Waitkus were guest-passengers of Pomeroy at the time of the accident? We have concluded that the Court of Appeals erred in reversing the trial court.

 Colorado courts have considered and applied the doctrine of res judicata and derivative doctrine of collateral estoppel in numerous cases.[1] We note at the outset that we are not here concerned with the doctrine of res judicata in the strict sense, but rather with collateral estoppel. Res judicata in the strict sense refers to "claim preclusion." Vestal, *Preclusion/Res Judicata Variables: Parties,* 50 Iowa L.

---

[1] *Brennan v. Grover,* 158 Colo. 66, 404 P.2d 544; *Falkenburg v. Sternberg,* 154 Colo. 134, 388 P.2d 771; *Hudson v. Western Oil Fields,* 150 Colo. 456, 374 P.2d 403; *Green v. Chaffee Ditch Co.,* 150 Colo. 91, 371 P.2d 775; *Newby v. Bock,* 120 Colo. 454, 210 P.2d 985; *Indemnity Insurance Co. v. Smith,* 101 Colo. 61, 70 P.2d 343; *Fort v. Bietsch,* 85 Colo. 176, 274 P. 812; *James v. James,* 85 Colo. 154, 274 P. 816; *Pomponio v. Larsen,* 80 Colo. 318, 251 P. 534; *Smith v. Cowell,* 41 Colo. 178, 92 P. 20; *Combs v. Farmers' H.L.C. & R. Co.,* 38 Colo. 420, 88 P. 396; *Murphy v. No. Colo. Grain,* 30 Colo. App. 21, 488 P.2d 103; *Godding v. Live Stock Co.,* 4 Colo. App. 14, 34 P. 942.

Rev. 27-28 (1964). The doctrine holds that an existing judgment is conclusive of the rights of the parties in any subsequent suit on the same claim. It bars relitigation not only of all issues actually decided, but of all issues that might have been decided. It requires an identity of parties or their privies (*Restatement, Judgments* § § 83-92 (1942)), as it would be unfair to preclude a party from litigating an issue merely because he could have litigated it against a different party.

 Collateral estoppel, on the other hand, refers to "issue preclusion." The doctrine holds that the final decision of a court on an issue actually litigated and determined is conclusive of that issue in any subsequent suit. *See Hudson v. Western Oil Fields,* 150 Colo. 456, 374 P.2d 403; *Sylvester v. J. I. Case Co.,* 21 Colo. App. 464, 122 P. 62. Collateral estoppel is broader than res judicata in that it applies to a cause of action different from that involved in the original controversy. It is narrower, however, in that it does not apply to matters which could have been litigated but were not. *See generally,* Barlock, *Res Judicata — The Preclusive Effect of Collateral Estoppel,* 35 Dicta 186 (1958); Semmel, *Collateral Estoppel, Mutuality and Joinder of Parties,* 68 Colum. L. Rev. 1457 (1968).

In *Murphy v. No. Colo. Grain,* 30 Colo. App. 21, 488 P.2d 103, the Court took note of the landmark case of *Bernhard v. Bank of America, Nat. Trust & Sav. Ass'n.,* 19 Cal.2d 807, 122 P.2d 892, where Mr. Justice Traynor discussed in depth the theory and application of res judicata and collateral estoppel. The principles enunciated were approved in *Murphy, supra.* In the instant case, the Court of Appeals alluded to the four tests evolving from *Bernhard, supra,* and its progeny, in determining whether the doctrine of collateral estoppel may be invoked: First, was the issue decided in the prior adjudication identical with the one presented in the action in question? Second, was there a final judgment on the merits? Third, was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? And, fourth, did the party against whom the

plea is asserted have a full and fair opportunity to litigate the issue in the prior adjudication.[2]

■ Applying the foregoing criteria to the case at bar, it appears that two are unsatisfied. First, the issues in the *Zeiler* case were not identical to the issues in the *Waitkus* case; and, second, Pomeroy was not afforded a full and fair opportunity to litigate the issues of the *Waitkus* case in the *Zeiler* case. We refer to the issues as framed by the pleadings. In the present case, Pomeroy asserted affirmative defenses of contributory negligence and assumption of the risk. In the *Zeiler* case, no determination was made concerning the issues of contributory negligence or assumption of the risk; certainly not any that might be attributable to Waitkus, who was not a party to that action.[3]

■ Contributory negligence and assumption of risk are personal defenses, which may apply to one passenger and not to another. Moreover, contributory negligence and assumption of risk may arise under a variety of circumstances. *E.g., Parker v. Foxworthy,* 154 Colo. 455, 391 P.2d 358 (ignoring a forewarning that driver is tired and sleepy); *Ling v. Pease,* 123 Colo. 518, 232 P.2d 189 (failure to warn driver of

---

[2] *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788; *Zdanok v. Glidden Co.,* 327 F.2d 944 (2nd Cir.), *cert. denied,* 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964); *United States v. United Air Lines, Inc.,* 216 F. Supp. 709 (E.D. Wash. & D. Nev. 1962), *aff'd sub nom., United Airlines, Inc. v. Wiener,* 335 F.2d 379 (9th Cir. 1964); *State of Md. v. Capital Airlines, Inc.,* 267 F. Supp. 298 (D. Md. 1967); *B. R. DeWitt, Inc. v. Hall,* 19 N.Y.2d 141, 278 N.Y.S.2d 596, 225 N.E.2d 195. *See also,* 23 A.L.R.2d 710, 133 A.L.R. 131, and cases collated therein.

[3] The record does not contain the pleadings in the *Zeiler* case. The decision of the Court of Appeals, however, indicates that no defenses of contributory negligence or assumption of the risk were considered. "His [Pomeroy's] defense that he was not negligent, and that the proximate cause of the accident was the negligence of the driver of the other car [Vesey], remained an issue in the case and was submitted to the jury under proper instructions." *Pomeroy v. Zeiler,* 473 P.2d 988 (Colo. App.).

impending dangers, and failure to protest against reckless driving); *United Brotherhood v. Salter,* 114 Colo. 513, 167 P.2d 954 (voluntarily becoming a guest with knowledge that driver has been drinking substantial quantities of intoxicating liquor); *Wilson v. Hill,* 103 Colo. 409, 86 P.2d 1084 (riding as a guest, knowing the driver is physically incapacitated, ignorant of driving, or habitually reckless or careless). *See also, W. Prosser, Law of Torts* § 68 at 449 (4th ed.).

Contributory negligence and assumption of risk are fact questions which a litigant is entitled to have determined even though there may be no conflict in the evidence, so long as reasonable men might draw different conclusions therefrom. *Ling v. Pease, supra.* One passenger's fault or freedom from fault simply cannot be imputed to another. Each must stand or fall on his own conduct.

As noted before, the trial court ordered a new trial on all issues. We believe that the court might properly have applied collateral estoppel to the issue of Pomeroy's willful and wanton negligence, which was litigated in the *Zeiler* trial. The jury in the second trial, however, also found Pomeroy liable in spite of his affirmative defenses of contributory negligence and assumption of risk, and the result is the same as though the estoppel had been applied to that particular issue.

In our view, Pomeroy did not have his day in court when the trial court applied the doctrine of collateral estoppel in the first trial. And we agree with the statement of Chief Judge Silverstein in his dissenting opinion that although the policy of limiting litigation is sound, it should not be applied so as to deprive a party of procedural due process — the right of a full and fair opportunity to litigate the ultimate issue in the case — here, that of liability. *Waitkus v. Pomeroy, supra.*

The trial court was correct in its reappraisal of the applicability of collateral estoppel to the issues before it and in granting Pomeroy a new trial on all issues. Accordingly, we reverse the judgment of the Court of Appeals, with directions to remand the cause to the trial court for reinstatement of the judgment for $33,000.34 in favor of Waitkus against Pomeroy and Veseys.