**Gary RAWSON, Plaintiff,**

v.

**SEARS, ROEBUCK AND CO., Defendant.**

**Civ. A. No. 81–K–1454.**

United States District Court, D. Colorado.

Jan. 10, 1983.

328

James A. Carleo, Pueblo, Colo., for plaintiff.

Robert S. Slosky, Rothgerber, Appel & Powers, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This matter is now before me on a motion for summary judgment by defendant, Sears, Roebuck and Co. In a previous memorandum opinion and order (January 27, 1982), 530 F.Supp. 776, I dismissed several claims for relief and allowed the plaintiff to proceed on the first, fifth, and tenth claims of his complaint. These remaining claims are based on allegations of age discrimination, which is a violation of C.R.S. 1973 § 8–2–116 (1st claim for relief), and

promissory estoppel (5th and 10th claims for relief). Sears now contends that collateral estoppel precludes the plaintiff from asserting the issue of age discrimination, or in the alternative that the facts support a summary judgment in favor of the defendant. Sears also argues that as a matter of law defendant is entitled to a summary judgment on the promissory estoppel claims because the facts show no promise to the plaintiff, and in any case no reasonable reliance by the plaintiff. In addition to briefs submitted by both parties, the record includes numerous exhibits, depositions, and affidavits. The motion is now ripe for determination.

Plaintiff Gary Rawson was an employee of Sears, Roebuck and Co. from March, 1946 to March, 1979. He was the manager of the Sears store in Pueblo from 1965 until his termination in 1979. Shortly after he was discharged, Rawson filed a claim for unemployment compensation with the Colorado Division of Employment. The Division of Employment initially ruled to disqualify Rawson from receiving benefits for 12 weeks. He appealed and after an evidentiary hearing the decision was reversed by a Division referee who ordered a full award of benefits. Sears appealed this ruling and obtained another reversal from the Industrial Commission, who again disqualified Rawson from receiving 12 weeks of benefits. This ruling was based on a review of the record, and a finding of questionable job performance and a failure to properly administer employer procedures. Rawson petitioned the Commission for review of its order, and after it was affirmed by a final order of the Commission, he appealed to the Colorado Court of Appeals. The Court of Appeals, in affirming the Industrial Commission, determined there was sufficient evidence to support the conclusion that improper activity by the plaintiff caused his discharge. The date has now passed for timely appeal to the Supreme Court. The instant suit was filed in a Colorado District Court and removed to this court by Sears, Roebuck.

Both plaintiff and defendant rely on *Pomeroy v. Waitkus,* 183 Colo. 344, 517 P.2d 396 (1973) to determine whether the doctrine of collateral estoppel is applicable under these circumstances. Defendant also relies on *Kremer v. Chemical Construction Corp.,* —— U.S. ——, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *Umberfield v. School District No. 11,* 185 Colo. 165, 522 P.2d 730 (1974); and *Colorado Springs Coach Co. v. State Civil Rights Comission,* 35 Colo.App. 378, 536 P.2d 837 (1975), *cert. denied* 424 U.S. 948, 96 S.Ct. 1420, 47 L.Ed.2d 355 to support its argument that a final administrative order affirmed by the court of appeals must be given full faith and credit in the federal district court.

■ *Pomeroy* discusses a four part test which must be met before invoking the doctrine of collateral estoppel. The four elements include:

1) Was the issue decided in the prior adjudication identical with the one presented in the action in question?

2) Was there a final judgment on the merits?

3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

4) Did the party against whom the plea is asserted have a full and fair opportunity to litigate the issue in the prior adjudication?

It is clear that elements two and three are satisfied in this case. However one and four present more difficult questions. I need not evaluate the hearing procedures to determine the due process issue of the fourth element because I find that the issue decided in the prior adjudication is not identical with the one before me in the instant suit. After reviewing the various findings of fact and orders issued throughout the administrative procedures and judicial review, I can find no mention whatsoever of the issue of age discrimination. It is evident from the Industrial Commission's Findings Of Fact And Order that the rulings were based solely on evidence concerning Rawson's conduct. Possible discrimination by Sears was never mentioned. The order states in part, "In reviewing the entire record, the Commission finds that the claimant was responsible for his own separation from employment due to questionable performance of his job and his failure to properly administer employer procedures." (exhibit C) The final order details the conduct of plaintiff more fully, but again never raises the issue of discrimination.[1] Judicial review concerned only whether the evidence presented was sufficient to sustain the findings. It could not consider other issues *de novo.* Because this cause of action does not meet the test set out in *Pomeroy,* the plaintiff is not collaterally estopped from bringing the action in this court. I therefore turn to defendant's alternative argument for summary judgment on the discrimination claim.

■ It is well settled that a motion for summary judgment can be granted only if there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. Pleadings, documents, and factual inferences tending to show issues of material fact must be viewed in the light most favorable to the party opposing summary judgment. The summary judgment must be denied unless the moving party demonstrates its entitlement beyond a reasonable doubt. *Norton v. Liddel,* 620 F.2d 1375 (10th Cir.1980). Defendant has presented a persuasive argument that age discrimination did not contribute in any way to the termination of Gary Rawson. Conversely, plaintiff's arguments in support of a discrimination claim are based heavily on speculation and conjecture. Mere unsupported allegations or conclusory statements do not suffice to put a factual issue in dispute. However, since the nature of a discrimination claim involves issues of intent and state of mind, in addition to credibility of witnesses, I cannot

---

1. Collateral estoppel, unlike *res judicata,* is not concerned with issues that could have been, but were not raised in the previous adjudication. However it is unlikely that the issue of age discrimination could have been fully resolved at an unemployment compensation hearing since the commission has no authority to grant the relief requested by the plaintiff.

resolve this as a matter of law. Therefore, summary judgment on the discrimination claim is denied.

Plaintiff's remaining claims are founded on the doctrine of promissory estoppel, which is based on the *Restatement (Second) of Contracts § 90:*

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

The Supreme Court of Colorado recently issued the following guideline in applying the doctrine of promissory estoppel:

> We believe that the doctrine as set forth in the Restatement should be applied to prevent injustice where there has not been mutual agreement by the parties on all essential terms of a contract, but a promise was made which the promisor should reasonably have expected would induce action or forbearance, and the promise in fact induced such action or forbearance.

*Vigoda v. Denver Urban Renewal Authority,* Colo., 646 P.2d 900, 905 (1982).

Rawson has alleged in his complaint that the defendant "told, promised, and inferred to the plaintiff that he would have a job with Sears until his retirement." Sears contends that no such promise was ever made to Rawson, either before or after he was employed with the Company. Defendant's brief contains numerous citations to Rawson's deposition in which he enumerates the statements he relied on. None of these amounts to a promise by Sears. Further, when Rawson was first employed by Sears he signed an employment contract which included the following terms:

> [M]y employment and compensation can be terminated, with or without cause, and with or without notice, at any time, at the option of either the Company or myself. I understand that no store manager or representative of Sears, Roebuck and Co., other than the president or vice-pres-

ident of the Company, has any authority to enter into any agreement for employment for any specified period of time, or to make any agreement contrary to the foregoing.

(Defendant's brief in support, P. 12 and exhibit 1, Rawson deposition.) In his deposition Rawson stated that he was unaware of any other contract between himself and Sears or any written or oral amendments relating to his employment contract since he signed the original document. (Rawson deposition, pp. 118–119.)

Finally, by his own admission Rawson agrees that he cannot recall any such promise being made to him. During the deposition, defendant's attorney asked if there had been any agent or representative of Sears who "made any statement to you, that told you, promised to you or inferred to you that you would have a job with Sears until your retirement?" Rawson responded, "Not that I can recall." (Rawson deposition, p. 87.)

Plaintiff's brief in opposition to the motion for summary judgment does not dispute the contention that a promise was never made. It does include statements and depositions of several other people on what their understanding was regarding continued employment, as long as they were performing in a satisfactory manner. This information is not relevant to the issue of whether a promise was made by Sears to Rawson that he would have a job with Sears until his retirement.

It is clear from the uncontroverted evidence before me that Rawson cannot rely on the doctrine of promissory estoppel.

IT IS ORDERED that summary judgment is granted on claims numbered five and ten.

IT IS FURTHER ORDERED that summary judgment is denied on claim number one alleging age discrimination.