**Douglas J. KOHNEN, Petitioner,**

v.

**SAFEWAY STORES, INC., Safeway Self-Insured, and/or Great American Insurance, and/or State Compensation Insurance Fund (now State Compensation Insurance Authority), # C82–19369, and Robert J. Husson, Director, Division of Labor and Employment, State of Colorado, Respondents.**

**No. 87CA0214.**

Colorado Court of Appeals, Div. I.

March 3, 1988.

Rehearing Denied April 14, 1988.

Certiorari Denied Sept. 12, 1988.

Francis K. Culkin, Denver, for petitioner.

Watson, Nathan & Bremmer, P.C., Mark H. Dumm, Denver, for respondent Safeway.

White and Steele, P.C., Glendon L. Laird, Denver, for respondent Great American Ins.

Russell A. Stanley, Denver, for respondent State Compensation Ins. Authority.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondents Husson, Director and Division of Labor.

PIERCE, Judge.

Douglas J. Kohnen, claimant, seeks review of the final order of the Industrial Claim Appeals Office (Panel) denying his claim for permanent disability benefits. We affirm.

Claimant contends that the employer was barred by the doctrine of collateral estoppel from "disputing disability" because it successfully contended in a separate arbitration proceeding that the claimant was disabled. He therefore argues that it was error for the Panel to refuse to apply the doctrine of collateral estoppel. We disagree.

For the doctrine of collateral estoppel to be applicable, it must be determined that the issue decided in the prior adjudication is identical with the one presented in the current action, that there was a final judgment on the merits in the prior proceeding, that the party against whom the doctrine is asserted was a party to the prior adjudication, and that the party against whom the doctrine is asserted had a "full and fair opportunity to litigate the issue in the prior proceeding." *Salida School District R-32-J v. Morrison*, 732 P.2d 1160 (Colo.1987); *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1974).

Here, the Panel determined that the issues in the arbitrator's decision and the workmen's compensation proceeding were not identical. We agree.

At the arbitration proceeding, the relevant inquiry was whether claimant's termination pursuant to the collective bargaining agreement was justified because of the injury he had sustained. In order to determine this issue, the arbitrator initially found that claimant was in fact unable to perform his assigned duties because of the physical injury. The arbitrator next determined that claimant's discharge because of this inability to perform work was justified. Thus, it was necessarily found that claimant suffered a physical impairment which

rendered him unable to perform his assigned duties.

However, contrary to the claimant's argument, no one disputes the basic fact that he had suffered a physical impairment. Rather, the only issue here is whether the Panel was collaterally estopped from ultimately finding that claimant was not permanently disabled for purposes of workmen's compensation solely because the arbitrator found that claimant suffered from a physical inability to perform his specific former job.

█ A finding of permanent disability for purposes of workmen's compensation is governed by statutory factors enumerated in § 8–51–108, C.R.S. (1986 Repl. Vol. 3B); *see also Colorado Fuel & Iron Corp. v. Industrial Commission,* 151 Colo. 18, 379 P.2d 153 (1962). While physical impairment is one of several basic factors to consider, it is not dispositive of the ultimate question of permanent disability. Hence, the arbitrator's finding regarding the basic fact that claimant suffered from a physical impairment was not the identical issue addressed by the Panel; and therefore, the Panel was not collaterally estopped from ultimately concluding, as it did, that claimant had failed to prove by a preponderance of the evidence that he suffered a permanent disability as a result of an industrial injury. *See City of Colorado Springs v. Industrial Commission,* 749 P.2d 412 (Colo.1988).

Claimant also contends that the hearing officer erred in denying his request for a *de novo* hearing and that the hearing officer's denial of permanent disability attributable to the 1980 and 1983 injuries is not supported by the evidence.

We disagree with both contentions. The Panel's order fully addressed and correctly disposed of those issues.

Order affirmed.

METZGER, J., concurs.

CRISWELL, J., dissents.

CRISWELL, Judge, dissenting:

I respectfully dissent.

Resolution of the question whether the identical issue was litigated before the arbitrator as was later presented to the hearing officer and the Panel depends, in large measure, upon the way in which the issue is framed.

I agree with the majority that the arbitrator was not called upon to resolve the question of the existence or extent of any "permanent disability" under the Workmen's Compensation Act. This is so because that question requires a consideration of several factors, some of which were not before the arbitrator for consideration. However, one of the factual predicates to a determination of industrial disability is the existence of a *physical impairment.* And, upon *this* underlying factual question, the arbitrator and the Panel were each faced with an identical issue.

At the urging of the employer, the arbitrator formally found that claimant was suffering from a "permanent physical inability to perform work for the [employer] due to an occupational injury...." Because of this physical impairment, the arbitrator concluded that the employer had "just cause" to terminate claimant's employment.

In contrast, the hearing officer's decision that claimant had no industrial disability was based upon a finding that claimant had *no* physical impairment, but was essentially "normal." In my view, neither the hearing officer nor the Panel was at liberty to disregard the arbitrator's decision upon the issue of the claimant's physical impairment, and the employer was collaterally estopped from re-litigating it.

While the finding of the arbitrator imposed no obligation upon the hearing officer and the Panel to rule that claimant had suffered a permanent disability under the Workmen's Compensation Act, they were, in my view, required to ascertain his entitlement to disability benefits, if any, consonant with the arbitrator's factual finding that claimant had sustained a permanent physical impairment.

I would not draw the jurisdictional boundaries between the arbitrator and the

Industrial Claim Appeals Office in such a way as to leave the claimant in a no-man's-land of irreconcilable factual findings. I would, therefore, set aside the order of the Panel and remand this matter to it for a reconsideration of the question of the existence and extent of claimant's permanent disability, if any, in light of the arbitrator's factual findings respecting his physical impairment.