7 F.3d 1046
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 D. Jean WHILES, Plaintiff-Appellant,
v.
CITY AND COUNTY OF DENVER, a municipal corporation,
Defendant-Appellee.
 No. 93-1041.
 United States Court of Appeals, Tenth Circuit.
 Oct. 18, 1993.
 
 1
 Before SEYMOUR and EBEL, Circuit Judges, and THOMPSON,** District Judge.
 
 ORDER AND JUDGMENT[1]
 EBEL
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. Appellant's request for oral argument is denied.
 
 
 3
 Plaintiff D. Jean Whiles appeals from a judgment entered in favor of her purported employer, defendant City and County of Denver, in this civil rights action. On cross motions for summary judgment, the district court held that because Ms. Whiles performed her work as an independent contractor, rather than an employee, she could not maintain a claim against the city under the Age Discrimination in Employment Act (ADEA). Upon making that determination, the court dismissed the action. Ms. Whiles now appeals that decision. She also maintains the city is estopped to deny her employee status. Because we agree that the district court lacked subject matter jurisdiction to consider her claim, we affirm.
 
 
 4
 Ms. Whiles began her relationship with the city in 1984. At that time, she was selected as an administrator and contract specialist for the city's Refugee Target Assistance grant. Ms. Whiles was not hired as a career service employee. Instead, a series of fifteen contracts were executed between the parties during the time Ms. Whiles was in charge of the grant program. Each contract detailed Ms. Whiles' responsibilities and set forth her pay. Although the earlier contracts specified she was to receive limited benefits, the later contracts omitted fringe benefits completely. On her tax returns, she reported income as an independent contractor.[2] Although the most recent contract extended through June of 1991, the city terminated Ms. Whiles in February of that year. She was sixty-five years old at the time of the termination.
 
 
 5
 As an initial matter, we must determine whether the city should be collaterally estopped from arguing that Ms. Whiles is an independent contractor, rather than an employee. In February of 1992, Ms. Whiles prevailed on a breach of contract claim against the city in a state court lawsuit based on the written agreements. She argues, therefore, that the doctrine of offensive collateral estoppel, or issue preclusion, prevents the city from arguing she was not an employee.
 
 
 6
 In evaluating the preclusive effect of the state court finding, we look to the law of the state which rendered the judgment. Gates Learjet Corp. v. Duncan Aviation, 851 F.2d 303, 305 (10th Cir.1988). Here, the jury trial took place in Colorado. Under Colorado law, collateral estoppel does not apply unless, among other things, "the issue decided in the prior adjudication [is] identical with the one presented in the action in question." Pomeroy v. Waitkus, 517 P.2d 396, 399 (Colo.1973).
 
 
 7
 We have reviewed the documents submitted to this court carefully. On this record, we cannot say there was an identity of issues between these two proceedings. Bennett College v. United Bank, 799 P.2d 364, 366 (Colo.1990). Therefore, offensive collateral estoppel, or issue preclusion, does not apply. As a result, we must now address the merits of Ms. Whiles' claims.
 
 
 8
 Ms. Whiles argues the district court erred in granting summary judgment for the city. We review that decision de novo. Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). In considering the appropriateness of judgment under Fed.R.Civ.P. 56(c), we view the record in a light favorable to Ms. Whiles. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). Summary judgment is not proper, however, if the record contains disputed facts concerning essential legal issues. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(only disputes over facts affecting the outcome of the lawsuit are relevant).
 
 
 9
 This court has adopted a hybrid approach for determining whether a plaintiff is an "employee" under the ADEA. See Oestman v. National Farmers Union Ins. Co., 958 F.2d 303, 305 (10th Cir.1992). Using that test, the court must look at the economic realities of the employment relationship, but the primary focus is on "the employer's right to control the 'means and manner' of the worker's performance". Id. Factors to consider include:
 
 
 10
 "(1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the 'employer' or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated; i.e., by one or both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the 'employer;' (9) whether the worker accumulates retirement benefits; (10) whether the 'employer' pays social security taxes; and (11) the intention of the parties."
 
 
 11
 Id. (quoting Spirides v. Reinhardt, 613 F.2d 826, 832 (D.C.Cir.1979)). We look to these factors when evaluating the relationship between these parties.
 
 
 12
 Ms. Whiles argues she was under the direct and continuous control of the city. She maintains this control was manifested in the exclusivity of her relationship with the city and the control that was placed on her daily activities. She contends the city dictated all the terms of the "employment" relationship, and that she was required to sign the written agreements without having any real input into their contents. Distilled to its essence, Ms. Whiles' argument is that she was no different from any other employee of the city, regardless of her alleged "contractor" status.
 
 
 13
 The undisputed facts reveal Ms. Whiles was not treated the same as other Denver city employees. She was not required to sign in and out of the office, which was a requirement of city employees. She was not required to live in the city and, at least at the time of her contract termination, was not receiving any fringe benefits. Ms. Whiles did not receive formal performance reviews, and the city did not maintain a personnel file for her. Finally, she filed taxes as an independent contractor, and the written agreements which she signed identified her as one.
 
 
 14
 Moreover, Ms. Whiles has not shown the city of Denver controlled the "means and manner" of her performance. At the request of Ms. Betty Sparrows, the Program Operations Manager of the Denver Employment and Training Administration, Ms. Whiles drafted a job description. While that document states Ms. Whiles worked under the "general direction" of the program manager, it is clear from the job description that Ms. Whiles was in charge of the grant. She defined her work as "supervisory, operational and administrative." Appellant's App. Vol. I at 170. The description does not reference any reporting duties suggesting her daily activities were supervised.
 
 
 15
 We agree with the district court that summary judgment in favor of the city was proper.[3] The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 **
 Honorable RalphG. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 In the spring of 1991, Ms. Whiles filed amended returns seeking to change her status from independent contractor to employee
 
 
 [3]
 In its order, the district court inferred that Ms. Whiles worked out of her home as well as her office. See Appellant's App. Vol. II at 277. The deposition testimony on this point reveals that she generally worked out of her office, except when her position required her to be elsewhere. Id. Vol. I at 32. Ms. Whiles maintains the district court's inference is erroneous. Even if the order could be construed as Ms. Whiles suggests, the error does not alter our conclusion that Ms. Whiles was not an employee