**Michael C. HILL, Plaintiff–Appellant,**

v.

**Brett HULET, and Pueblo Associates in Obstetrics and Gynecology, P.C., Defendants–Appellees.**

**No. 92CA1189.**

Colorado Court of Appeals, Div. II.

Aug. 11, 1994.

Michael C. Hill, pro se.

Gallo & Godfrey, F. James Gallo, Jerome M. Reinan, Denver, for defendants-appellees.

Opinion by Judge TURSI [*].

Plaintiff, Michael C. Hill, appeals the summary judgment dismissing his claims of negligence *per se*, misrepresentation, and breach of contract against defendants, Brett Hulet, M.D., and Pueblo Associates in Obstetrics and Gynecology, P.C. We affirm.

[*] Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

In plaintiff's dissolution of marriage action, he contested the paternity of a child born during the marriage as a result of artificial insemination performed by defendants. The court found that plaintiff had consented to the procedure, although not in writing. On that basis, plaintiff's paternity and support obligations for the child were established.

In this action, plaintiff sued defendants for negligence, misrepresentation, and breach of contract, all claims related to their failure to obtain his consent to the procedure under § 19–4–106(1), C.R.S. (1993 Cum.Supp.). The trial court granted summary judgment for defendants, reasoning that the finding of consent and approval in the dissolution proceeding .collaterally estopped plaintiff from relitigating the issue.

Plaintiff contends, in essence, that the trial court erred in applying collateral estoppel to bar his claims. We disagree.

Section 19–4–106(1), the statute on which plaintiff bases his claims against defendants, provides:

If, under the supervision of a licensed physician and with the consent of her husband, a wife is inseminated artificially with semen donated by a man not her husband, the husband is treated in law as if he were the natural father of a child thereby conceived. The husband's consent must be in writing and signed by him and his wife. The physician shall certify their signatures and the date of the insemination and shall file the husband's consent with the department of health, where it shall be kept confidential and in a sealed file; however, the physician's failure to do so does not affect the father and child relationship. . . .

The doctrine of collateral estoppel bars relitigation of an issue determined in a prior proceeding if: (1) the issue precluded is identical to an issue actually litigated and necessarily adjudicated at the prior proceeding; (2) the party against whom estoppel is sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior

and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *Pomeroy v. Waitkus,* 183 Colo. 344, 517 P.2d 396 (1973).

■ Here, plaintiff's consent to defendants' artificial insemination of his former wife was actually litigated and necessarily determined in the prior dissolution of marriage action. *See State of Kansas ex rel. Daniels v. Daniels,* 817 P.2d 632 (Colo.App. 1991). Plaintiff was a party to that action and had a full and fair opportunity to litigate the issue of consent there. The final orders in that dissolution action determined that plaintiff knew of, approved of, consented to, and ratified the artificial insemination process.

Thus, the fact that plaintiff consented to the artificial insemination was conclusively determined in the dissolution proceeding and could not be relitigated. *See Pomeroy v. Waitkus, supra.* Because here that consent precluded plaintiff's claim against the defendants for damages, the trial court properly entered summary judgment for defendants.

The question whether a physician might be liable in a private action for failure to obtain the husband's consent, written or oral, is not before us and we do not address it.

We also need not address plaintiff's remaining contention concerning a protective order.

Judgment affirmed.

CRISWELL and MARQUEZ, JJ., concur.