43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 STIFEL, NICOLAUS & COMPANY, INC., Petitioner-Appellant,
v.
WOOLSEY & COMPANY, INC., Respondent-Appellee.
 No. 94-6122.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BRORBY and EBEL, Circuit Judges, and SAM,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner-appellant Stifel, Nicolaus & Co. (Stifel) appeals the district court's order denying its motion for a preliminary injunction, to stay a state court action pending resolution of its motion to compel arbitration. Because the district court did not abuse its discretion in finding that Stifel failed to meet the requirements for a preliminary injunction, we affirm.
 
 
 4
 Stifel and respondent-appellee Woolsey & Co., Inc. (Woolsey) were allegedly joint venturers involved in the Oklahoma School District Funds Management Program. After several of Woolsey's employees formed a competing company, Woolsey brought a state court action against them, and later named Stifel as an additional defendant in the action.
 
 
 5
 Because both Stifel and Woolsey are members of the National Association of Securities Dealers (NASD), Stifel demanded arbitration of the dispute, based on the NASD Code of Arbitration. Stifel also initiated a parallel arbitration proceeding against Woolsey. The trial court ruled that the Code did not entitle Stifel to arbitration and granted Woolsey's motion to stay the arbitration proceeding. The Oklahoma Court of Appeals affirmed, and the Oklahoma Supreme Court denied certiorari review.[2]
 
 
 6
 Stifel then brought an action in the United States District Court for the Western District of Oklahoma, seeking an order to compel arbitration pursuant to 9 U.S.C. 4. Stifel moved for a preliminary injunction against Woolsey, asking the court to enjoin Woolsey from proceeding in the state court action. The district court denied the motion, finding that Stifel failed to make an adequate showing on any of the four factors necessary to obtaining a preliminary injunction. It also concluded that such an injunction would contravene 28 U.S.C. 2283, which prohibits federal courts from enjoining state court proceedings except under certain limited circumstances.
 
 
 7
 Stifel took an interlocutory appeal pursuant to 28 U.S.C. 1292(a)(1), requesting this court to reverse the district court's determination that a preliminary injunction is unwarranted. Stifel also requests that we decide the underlying arbitrability issue, based on the record.
 
 
 8
 To obtain a preliminary injunction, a party must demonstrate
 
 
 9
 (1) [it] will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits.
 
 
 10
 Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir.1986). Whether an injunction should issue is a matter committed to the sound discretion of the district court judge. Prows v. Federal Bureau of Prisons, 981 F.2d 466, 468 (10th Cir.1992), cert. denied, 114 S.Ct. 98 (1993). Absent a showing of an abuse of that discretion, we will not disturb the district court's decision. Id.
 
 
 11
 Stifel argues that it will be irreparably injured by continuation of the state proceeding because it will incur litigation fees and because its right to arbitrate will be affronted. The Supreme Court has recently reiterated that " '[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.' " FTC v. Standard Oil Co., 449 U.S. 232, 244 (1980)(quoting Renegotiation Bd. v. Bannercraft Clothing Co., 415 U.S. 1, 24 (1974)). Any potential affront to Stifel's arbitration rights also does not rise to the level of an "irreparable injury."
 
 
 12
 Moreover, Stifel has not shown that the burden of preparing a defense outweighs the damage Woolsey may suffer from further delaying the state lawsuit, including potential monetary losses and diminution of its ability to prove its case. In addition, as discussed more fully below, an injunction staying the state court proceeding would violate the public policy embodied in the Anti-Injunction Act, 28 U.S.C. 2283.
 
 
 13
 It is also far from clear that Stifel will prevail on the merits of the arbitrability issue. To be enforceable under the federal Arbitration Act, there must be a "written provision in ... a contract evidencing a transaction involving commerce[,] to settle by arbitration a controversy thereafter arising out of such contract or transaction." 28 U.S.C. 2.
 
 
 14
 The NASD Code requires arbitration of all disputes "between or among members ... arising in connection with the business of such member(s)," Appellant's App. at 62, 1/23708. Stifel, however, has not identified any portion of the Code describing a "transaction" between the members of NASD, as required by the statute. Although such evidence may exist in the NASD rules and regulations or in the NASD membership application, these items were not before the district court. Similarly, there is no evidence that the controversy between Stifel and Woolsey arose out of their membership in the NASD, or that the alleged joint venture was premised on such membership. Thus, Stifel has not demonstrated that the Code is a "contract evidencing a transaction involving commerce," 28 U.S.C. 2, or that the "controversy [arose] out of such contract," id., and there was no abuse of discretion in denying the preliminary injunction.[3]
 
 
 15
 The district court was also correct in finding that the requested injunction would violate the prohibition against enjoining state court proceedings. Stifel argues that the injunction would be proper to aid the federal court in its jurisdiction, see 28 U.S.C. 2283, because a final judgment in the state proceeding could have preclusive effect in the federal proceedings. The potential of preclusion by the state action, however, is not the type of threat to the federal court's jurisdiction envisioned by the statute. See, e.g., Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 295-96 (1970)(holding that state court proceeding did not hinder federal court's jurisdiction when state and federal courts had concurrent jurisdiction, and court could not prevent party from simultaneously pursuing claims in both courts); Texas v. United States, 837 F.2d 184, 186 (5th Cir.) (holding that the "aid of jurisdiction" exception may not be invoked merely because the concurrent state proceeding might result in a judgment inconsistent with the federal court's decision), cert. denied, 488 U.S. 821 (1988).
 
 
 16
 Stifel urges us to decide the underlying question of whether it is entitled to have arbitration compelled. We are without jurisdiction to do so. Our jurisdiction in this case stems from 28 U.S.C. 1292(a)(1), which authorizes an interlocutory appeal from district court orders "refusing ... injunctions." This statute does not authorize us to go beyond the preliminary injunction issue to decide the underlying controversy. See generally Gardner v. Westinghouse Broadcasting Co., 437 U.S. 478, 480 (1978)(holding that 1292(a)(1) "creates an exception ... which [courts are] not authorized to enlarge or extend").
 
 
 17
 The Court's opinion in Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 29 (1983), does not provide a jurisdictional basis for deciding the underlying arbitrability issue. There, because the district court's stay of a party's federal suit to compel arbitration was tantamount to a dismissal, it was deemed a final order under 28 U.S.C. 1291. Id. at 8-10. The entire case, therefore, was before the appellate court, and the arbitrability issue could be decided as a matter of law. Here, in contrast, our jurisdiction is limited to reviewing the district court's interlocutory order, and the issue of whether arbitration should be compelled remains before the district court. See, e.g., Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1293 (9th Cir.1982)(holding that appeal from interlocutory order does not divest district court of jurisdiction over remaining claims).
 
 
 18
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [2]
 Stifel is less than candid in its description of these prior proceedings, informing this court that "[t]he state district court refused arbitration without comment or explanation, the state court of appeals avoided the issue, and the state supreme court refused review by certiorari." Appellant's Br. at 9. In fact, the state district court apparently ruled that the conduct underlying the lawsuit was outside the scope of the NASD arbitration agreement, Appellant's App. at 167, and the Oklahoma Court of Appeals held that Stifel failed to show a contract evidencing a transaction involving "commerce," as required by the federal Arbitration Act, and failed to show that the state arbitration provisions were satisfied, id. at 167-68
 
 
 [3]
 We also question whether Stifel can succeed on the merits based on the preclusive effect given by Oklahoma courts to issues already settled by an appellate opinion. See, e.g., Panama Processes, S.A. v. Cities Serv. Co., 796 P.2d 276, 283 n. 27 (Okla.1990)