**STIFEL, NICOLAUS & COMPANY, INC., Plaintiff–Appellant,**

v.

**WOOLSEY & COMPANY, INC., Defendant–Appellee.**

No. 94–6421.

United States Court of Appeals, Tenth Circuit.

April 23, 1996.

Clyde A. Muchmore (Harvey D. Ellis and Kevin D. Gordon with him on the briefs), Crowe & Dunlevy, Oklahoma City, Oklahoma, for Plaintiff–Appellant.

Raymond E. Tompkins (Timothy J. Bomhoff, Oklahoma City, Oklahoma; and C. Kevin Morrison, Tulsa, Oklahoma, with him on the brief), Oklahoma City, Oklahoma, for Defendant–Appellee.

Before PORFILIO, ANDERSON, and TACHA, Circuit Judges.

JOHN C. PORFILIO, Circuit Judge.

This is an appeal from an order of the district court dismissing Stifel, Nicolaus & Company's (Stifel) petition to compel arbitration under 9 U.S.C. § 4 of the Federal Arbitration Act. Stifel sought injunctive relief compelling arbitration under the Act and a stay under 28 U.S.C. § 2283 against proceedings previously initiated by Woolsey & Company, Inc. (Woolsey) in Oklahoma state court. In dismissing the federal action, the district court held an opinion issued by the Oklahoma Court of Appeals in the prior state court proceeding was *res judicata* on the issues presented in Stifel's application for arbitration. We disagree and remand the case for the district court to evaluate the merits of Stifel's arbitration claim.

### I.

Woolsey originally filed suit against Stifel in Oklahoma state court. The underlying dispute involved a cash management program through which Oklahoma school districts could finance their expected cash flow. The two brokerage firms participated in the program as co-underwriters, co-managers, and financial advisors. After several of its employees formed a competing company named Bowles Financial Group, Woolsey brought a state court action against the newly formed brokerage firm, later adding Stifel as a third-party defendant. Woolsey alleged Stifel conspired with Bowles Financial to replace Woolsey as a program advisor, violating contractual, fiduciary, and statutory duties.

Because Stifel and Woolsey were both members of the National Association of Securities Dealers (NASD), Stifel demanded arbitration based on the NASD Code of Arbitration Procedure, the Federal Arbitration Act, and the Oklahoma Uniform Arbitration Act. The NASD Code provides arbitration of any dispute between or among members arising in connection with the business of any member of the Association. Accordingly, Stifel initiated a separate arbitration proceeding against Woolsey and contemporaneously filed a motion to stay the Oklahoma court proceeding. Without elaborating on the basis for its ruling, the Oklahoma district court entered interlocutory orders denying Stifel's Motion to Compel Arbitration and granting Woolsey's Motion to Stay Arbitration. Apparently, the court determined the conduct underlying the lawsuit was outside the scope of the NASD arbitration agreement.

The Oklahoma Court of Appeals affirmed the orders without addressing the merits of Stifel's arbitration claim. After reciting both parties' arguments on the arbitration issue, the court explained Stifel failed to include in the record a complete text of the NASD Manual and its defined terms. Consequently, the court claimed it was unable to ascertain whether the cash management program constituted "business" as defined by the Code, and whether the program involved "commerce" as required by the Federal Arbitration Act. "Without the specific contract between the parties relating to the Cash Management Program ... or the full text of the NASD Manual, we cannot find the trial court erred in holding that the controversy was outside the scope of the agreement of the parties." *Woolsey & Co., v. Bowles Fin. Group*, No. 77,074, slip op. at 6 (Okla.Ct.App. May 4, 1993). The Oklahoma Supreme Court denied certiorari review on July 7, 1993.

Stifel subsequently brought this action in the United States District Court for the Western District of Oklahoma, filing a petition to compel arbitration under 9 U.S.C. § 4, and seeking a preliminary injunction

against Woolsey's state court proceeding. The district court denied Stifel's Motion for Preliminary Injunction. *Stifel, Nicolaus & Co. v. Woolsey & Co.,* No. CIV-93-1692-L, (W.D.Okla. March 18, 1994).

Stifel appealed the district court's denial of the preliminary injunction and also filed a motion for an injunction pending appeal under Fed. R.App. P. 27 and 10th Cir. R. 27.3(g). On August 5, 1994, a motions panel of this court entered an order denying Stifel's motion for an injunction pending appeal. In denying the motion, the motions panel construed the Oklahoma Court of Appeals order "as a final decision affirming the state district court's holding that the controversy is not arbitrable. Thus, correct or not, this is *res judicata* on the issue, and bars the litigation in the federal courts...." *Stifel, Nicolaus & Co. v. Woolsey & Co.,* No. 94-6122, slip op. at 2 (10th Cir. Aug. 5, 1994).

Subsequently, on December 21, 1994, this court decided Stifel's appeal from the denial of its preliminary injunction and affirmed the district court decision. *Stifel, Nicolaus & Co. v. Woolsey & Co.,* 43 F.3d 1483 (10th Cir.1994). Because our jurisdiction was limited to reviewing the district court's interlocutory order, we did not specifically find the Oklahoma Court of Appeals decision was *res judicata.* In affirming the district court order, this court concluded the arbitrability issue remained before the district court. *Stifel, Nicolaus & Co. v. Woolsey & Co.,* No. 94-6122, slip op. at 6, 1994 WL 708190 (10th Cir. Dec. 21, 1994).

On October 11, however, in the interim between the motions panel's order denying Stifel's motion to stay and the merits panel's order and judgment affirming the district court's denial of Stifel's motion for a preliminary injunction, the district court dismissed Stifel's action with prejudice. In its one page order, the court stated:

> On August 5, 1994, the Court of Appeals for the Tenth Circuit found that the May 4, 1993 Opinion issued by the Oklahoma Court of Appeals is *res judicata* on the issues presented in this action. This court is bound to give full faith and credit to the state court determination and must dismiss this action.

*Stifel, Nicolaus & Co. v. Woolsey & Co.,* No. CIV-93-1692-L, slip op. at 1 (W.D.Okla. Oct. 11, 1994). Stifel now appeals from that judgment.

## II.

Stifel argues the district court's order was erroneous because the Oklahoma Court of Appeals' decision is not *res judicata* on the issue of arbitrability. It contends the state court never made a determination based on the merits of Stifel's petition to compel arbitration, and, therefore, this court is free to address the merits of its claim. Stifel also argues the district court mistakenly construed this court's motions panel decision as a mandate requiring immediate dismissal of its claim. We need only consider whether the Oklahoma Court of Appeals' decision is *res judicata* on the issue of arbitrability and address this court's motions panel decision only as it applies to the doctrine of law of the case.

■ We must initially decide whether we may reconsider Stifel's challenge to the district court's finding that the Oklahoma decision is *res judicata* despite an earlier ruling by a motions panel of this court on the same issue. Our inquiry would stop here if the August 5, 1994 motions panel decision on the issue of *res judicata* is law of the case. After reviewing the doctrine as it applies specifically to motions panel decisions, we conclude it does not prevent us from revisiting the issue.

■ The law of the case doctrine obligates every court to honor the decisions of courts higher in the judicial hierarchy. *Mason v. Texaco, Inc.,* 948 F.2d 1546, 1553 (10th Cir.1991), *cert. denied,* 504 U.S. 910, 112 S.Ct. 1941, 118 L.Ed.2d 547 (1992). "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983); *Mason,* 948 F.2d at 1553. Thus, for example, a trial court may not reconsider a question decided by an appellate court.

In the present case, however, we must contemplate the doctrine's application to our reconsideration of a motions panel's earlier

decision. This court has not previously applied the law of the case in precisely this context. Circuits addressing the issue have held an appeals court may review a prior motions panel's decision uninhibited by the law of the case doctrine. *CNF Constructors, Inc. v. Donohoe Constr. Co.,* 57 F.3d 395, 397 n. 1 (4th Cir.1995) (law of the case does not prevent appeals court from revisiting a prior motions panel ruling on the court's jurisdiction); *American Federation of Grain Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 727 (7th Cir.1994) (merits panel may revisit motions panel's denial of motion to dismiss); *Johnson v. Burken,* 930 F.2d 1202, 1205 (7th Cir.1991) (motions panel decisions are tentative and subject to reexamination unembarrassed by law of the case); *Hard v. Burlington N.R.R. Co.,* 870 F.2d 1454, 1458 (9th Cir.1989) (law of the case does not preclude merits panel from reviewing motions panel's denial of motion to dismiss); *United States v. Houser,* 804 F.2d 565, 569 (9th Cir.1986) (law of the case does not apply to motions panel dismissal on jurisdictional grounds); *E.E.O.C. v. Neches Butane Prods. Co.,* 704 F.2d 144, 147 (5th Cir.1983) (motions panel dismissal for want of jurisdiction is provisional and subject to review). We agree and adopt the rule as it applies to motions panels.

■ Our decision to reconsider the motions panel's finding despite the law of the case doctrine is based on two principles. First, as noted in *Houser,* the doctrine is discretionary, not mandatory. *Houser,* 804 F.2d at 567. The rule "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messenger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912) (Holmes, J.). The discretion to reconsider a prior decision may be warranted if "the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *Pittsburg & Midway Coal Mining Co. v. Watchman,* 52 F.3d 1531, 1536 n. 4 (10th Cir.1995) (quoting *White v. Murtha,* 377 F.2d 428, 432 (5th Cir.1967)).

■ Second, a motions panel's decision is often tentative because it is based on an abbreviated record and made without the benefit of full briefing and oral argument. "Decisions by motions panels are summary in character, made often on a scanty record, and not entitled to the weight of a decision made after plenary submission." *Johnson,* 930 F.2d at 1205. "With the benefit of full briefing and ... oral argument, the panel to which the case falls for disposition on the merits may conclude that the motions decision was improvident and should be reconsidered." *Neches Butane,* 704 F.2d at 147. Thus,

> while a merits panel does not lightly overturn a decision made by a motions panel during the course of the same appeal, we do not apply the law of the case doctrine as strictly in that instance as we do when a second merits panel is asked to reconsider a decision reached by the first merits panel on an earlier appeal.

*Houser,* 804 F.2d at 568.

Because these reasons apply to this case, we may reconsider the *res judicata* effect of the Oklahoma Court of Appeals' decision on Stifel's federal claim. We hold the motions panel's prior decision that the Oklahoma opinion was *res judicata* on Stifel's Federal Arbitration Act claim is not binding under the law of the case doctrine.

### III.

■ The preclusive effect of the Oklahoma decision in the federal court is controlled by 28 U.S.C. § 1738, which provides state court judgments "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." We must, therefore, ascertain what preclusive effect Oklahoma would give its own decision before we may know what effect it should be given in the federal court. *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415–16, 66 L.Ed.2d 308 (1980).

■ Oklahoma law requires a final decision on the merits before a prior state court decision receives the preclusive effect of *res*

*judicata. Panama Processes, S.A. v. Cities Serv. Co.,* 796 P.2d 276, 283 (Okla.1990). Oklahoma also has a statutory counterpart to Fed.R.Civ.P. 54(b). *See* OKLA. STAT. tit. 12, § 994(A) (1994). The Oklahoma statute declares, in the absence of a trial court determination provided under the statute, any order adjudicating less than all claims of all parties "is subject to revision at any time before the final judgment or decree adjudicating all the claims and the rights and liabilities of all the parties is filed with the court clerk." Furthermore,

> terminal judicial rulings—whether they be judgments or postjudgment dispositions— reach a final determination stage, settle the parties' rights and by force of law are placed beyond the trial court's power to alter.... The attribute borne by a "final order" stands in marked contrast to a *pre-judgment order.* The latter always remains subject to the trial judge's change before judgment is pronounced in the case.

*Depuy v. Hoeme,* 775 P.2d 1339, 1343–44 (Okla.1989). Interlocutory orders made in the course of an action or proceeding are considered prejudgment orders and, therefore, not binding on the trial court when final adjudication of the controversy is crafted. *Panama Processes,* 796 P.2d at 283 n. 27.

This is not to say, however, an interlocutory order may never be given *res judicata* effect. On the contrary, interlocutory orders denying arbitration have been deemed final and preclusive for *res judicata* purposes.[1] *See Towers, Perrin, Forster & Crosby, Inc. v. Brown,* 732 F.2d 345, 349–50 (3d Cir.1984). The conclusion reached in *Towers* is consistent with the holdings in other federal courts on the issue. *See Southeast Resource Recovery Facility Auth. v. Montenay Int'l Corp.,* 973 F.2d 711, 714 (9th Cir.1992); *Ultracashmere House, Ltd. v. Meyer,* 664 F.2d 1176, 1184 (11th Cir.1981); *Merrill Lynch, Pierce, Fenner & Smith v. Haydu,* 637 F.2d 391, 397–99 (5th Cir.1981). Regardless of the interlocutory nature of the order, however, its preclusive effect for *res judicata* purposes is derived from the finality of the decision.

The Third Circuit, applying California law, stated "the preclusive effect of an order depends on what the order determines, not on whether it is deemed interlocutory." *Towers,* 732 F.2d at 349. We agree with the principle applied by the *Towers* court and examine the Oklahoma decision from the perspective of how effectively and conclusively it determines the arbitration issue.

The Oklahoma Court of Appeals decision at issue here determines nothing regarding the merits of Stifel's claim for arbitration. The court was unable to address the merits of the arbitration issue because the record on appeal was incomplete. Although Stifel bears the responsibility of providing the court with a record sufficient to determine the issue, it remains clear the court did not reach the issue of whether either the NASD Code of Arbitration or the Federal Arbitration Act controls Woolsey's claim.

In *Oxley v. City of Tulsa,* 794 P.2d 742 (Okla.1989), *cert. denied,* 493 U.S. 1077, 110 S.Ct. 1128, 107 L.Ed.2d 1034 (1990), an appellee raised arguments on cross-appeal but failed to supply the court with a sufficient trial court record to support its position. The Oklahoma Supreme Court was "unable to address the merits of the issues raised on cross-appeal" and, therefore, dismissed the appeal. *Id.* at 748. Subsequently, the court allowed the record to be corrected by amendment and addressed the merits of the appellee's claim on rehearing. In the present case, Stifel was similarly situated when it chose to pursue its claim in federal court. The interlocutory status of the order and the unresolved nature of the state court's ruling left Stifel free to petition for rehearing or to raise the issue again at any time prior to the final resolution of all its claims.

In short, the issue remains open in Oklahoma. Without a final judgment on the merits, the district court is free to address the arbitration issue unfettered by the doctrine of *res judicata. Panama Processes,* 796 P.2d at 283. As a result, we reverse the district court's decision dismissing Stifel's petition to compel arbitration.

1. Under 9 U.S.C. § 16(a)(2) of the Federal Arbitration Act, an interlocutory order granting an injunction against an arbitration that is subject to the Act is considered "final" at least for the purposes of appeal.

## IV.

Finally, citing *Moses H. Cone Memorial Hosp. v. Mercury Constr.*, 460 U.S. 1, 28–29, 103 S.Ct. 927, 943–44, 74 L.Ed.2d 765 (1983), Stifel urges this court to exercise its discretion to decide the merits of its claim and to compel arbitration. In *Moses H. Cone*, the Fourth Circuit reversed the district court's stay of arbitration and remanded the case with instructions to enter an order to arbitrate. The Supreme Court found the appeals court acted within its authority in deciding the underlying legal issue and followed the Arbitration Act's mandate for summary and speedy disposition of petitions to enforce arbitration clauses "in order to facilitate the prompt arbitration that Congress envisaged." *Id.* at 29, 103 S.Ct. at 944.

Unlike the court in *Moses H. Cone*, which had in its record full briefs and evidentiary submissions from both parties on the merits of arbitrability, we have only one side of the story. Although Stifel briefed the merits of its argument urging arbitration, Woolsey relied exclusively on its *res judicata* argument and chose not to fully address the arbitrability issue. Therefore, we must decline to exercise the discretion granted us by *Moses H. Cone* and allow both parties to fully present their respective arguments before the district court. If we were to rule on the issue without giving Woolsey the opportunity to redraft its argument, we would be as unprepared as the Oklahoma court to reach the heart of the issue.

This court has recently articulated a policy favoring arbitration and recognized a federal mandate to construe arbitration clauses broadly where possible. *See Armijo v. Prudential Ins. Co. of Am.*, 72 F.3d 793, 798–99 (10th Cir.1995) (holding plaintiffs failed to rebut the presumption of arbitrability and affirmed the district court's decision to compel arbitration under the NASD Code of Arbitration Procedure). *Armijo* follows the Supreme Court's instruction that

> questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.... The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be

resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

*Moses H. Cone*, 460 U.S. at 24–25, 103 S.Ct. at 941–42. Given the strong presumption of arbitrability inherent in the Federal Arbitration Act, we remand the case to the district court.

**REVERSED** and **REMANDED**.