**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 18 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MELVIN ANDERSON,

      Petitioner-Appellant,

v.

FEDERAL BUREAU OF PRISONS,

      Respondent-Appellee.

No. 96-1229
(D.C. No. 94-N-2333)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before BRORBY and KELLY, Circuit Judges, and CAUTHRON,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

Petitioner/Appellant Melvin Anderson appeals from the district court's order dismissing his petition, phrased in the form of a complaint, for writ of mandamus or prohibition directed to Respondent/Appellee Federal Bureau of Prisons. A magistrate judge recommended that summary judgment be granted for appellee. The district court accepted this recommendation, and dismissed appellant's complaint.

Appellant appealed and filed, in this court, an "emergency verified summary motion to vacate order and judgment pending appeal and remand with instruction to resolve summary judgment motion." In this pleading, he sought to have this case immediately remanded to the district court for determination of what he claimed was his own pending motion for summary judgment. He complained, in the motion, that the district court erred in two respects: first, by not ruling on his motion for summary judgment, and second, by not granting the motion in his favor.

A motions panel of this court determined that the district court had in fact denied appellant's summary judgment motion. On this basis, the panel denied appellant's motion for remand, but instructed him that he could raise in his appellate brief any issues regarding the motion for summary judgment. Appellant thereafter moved this court to construe his motion to vacate as his opening brief. The motion was granted.

Although the motions panel's determination that the district court denied appellant's motion for summary judgment is not binding on this panel, see Stifel, Nicolaus & Co. v. Woolsey & Co., 81 F.3d 1540, 1543-44 (10th Cir. 1996), our own review of the record convinces us that the motions panel was entirely correct. The magistrate judge carefully considered appellant's motion, and advised, in a well-reasoned recommendation, that it be denied. R., doc. 16 at 3-4. In its order of dismissal, the district court stated that "[a]ny pending motion not specifically addressed herein is DENIED." Id., doc. 35 at 2.

The motions panel did not consider the other issue appellant raises, whether the district court properly denied the motion for summary judgment. We now address this question. We agree with the magistrate judge that appellant's motion for summary judgment should be construed as a motion for default judgment. The only ground he asserted for summary judgment was that appellee had failed to defend the action.

Appellee filed its response to appellant's petition thirteen days after the deadline set by the district court. This filing occurred on the day after appellant filed his motion for "summary judgment." The magistrate judge recommended that the untimely filing be excused, and that appellant's motion for default judgment be denied.

A trial court is vested with broad discretion in deciding whether to enter default judgment.  See Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987).  Moreover, Fed. R. Civ. P. 55(e) restricts the availability of default judgments against agencies of the United States Government.  It states that "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."  Courts have construed this section liberally, refusing to enter default where the government has failed timely to plead or otherwise defend, or setting aside such default on motion by the government.  See 10 Charles Alan Wright et al., Federal Practice and Procedure, Civil § 2702 (2d ed. 1983); see also Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977) (district court's refusal to enter default was not abuse of discretion where government responded promptly to motion for default judgment and plaintiff's claim ultimately proved unable to withstand summary judgment).

Here, appellee did file a response, indicating that it had not abandoned the action.  It also timely responded to appellant's motion for summary judgment.  Moreover, appellant's claim did not survive summary judgment on the merits.  Under these circumstances, the district court did not abuse its discretion in refusing to enter default judgment for appellant.

The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Robin J. Cauthron
District Judge