Dennis J. **SLADEK** and Diana Sladek, Plaintiffs,

v.

Eugene de**PLOMB**, Defendant.

Civil Action No. 97–WM–1224.

United States District Court, D. Colorado.

Nov. 7, 1997.

Dennis J. Sladek, Colorado Springs, CO, pro se.

Dennis James Sladek, Colorado Springs, CO, Murray I. Weiner, Mulliken, Gleason & Weiner, P.C., Colorado Springs, CO, for Diana Sladek.

Murray I. Weiner, Muliken, Gleason & Weiner, P.C., Colorado Springs, CO, for Eugene dePlomb.

### ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

MILLER, District Judge.

This matter is before me on the Plaintiffs' objections to the recommendation of United States Magistrate Judge Patricia A. Coan, filed August 29, 1997, that this action be stayed and that Defendants' Motion to Dismiss and Plaintiffs' Motion to Amend Complaint be held in abeyance pending entry of a final judgment in El Paso County District Court Civil Case No. 96–CV–2258, *Eugene dePlomb v. Dennis and Diana Sladek.*

I have made a *de novo* review of the recommendation and Plaintiffs' objections pursuant to 28 U.S.C. § 636(b)(1) and Fed. R.Civ.P. 72(b). I will interpret the Defendants' Motion as one to stay and administratively close this proceeding.

### I. Background

This case involves a landlord–tenant dispute. In September 1996 the dePlombs, Defendants here, filed a forcible entry and detainer ("F.E.D.") action in El Paso County Court against the Sladeks, the Plaintiffs here. The Sladeks removed the case to El Paso County District Court and filed a "County Court Answer, Counterclaim and Third Party Complaint" asserting nine separate claims for relief.

In June 1997 the Sladeks also filed this action against the dePlombs asserting only a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq.

On July 22, 1997, the dePlombs moved to dismiss for three reasons: (1) The Sladeks' RICO claim should have been brought in the state action and is therefore barred by res judicata; (2) They failed to state a claim under RICO; and (3) They failed to plead fraud with particularity.

The matter was referred to Magistrate Judge Coan, who found that the Sladeks' claims may be barred by res judicata because they arise out of the same landlord–tenant relationship as the forcible detainer action. In addition, the Magistrate found that the RICO claim was likely a compulsory counterclaim under Colorado law.

Instead of ruling directly on the motion to dismiss, and relying on Fox v. Maulding, 112 F.3d 453 (10th Cir.1997)("Fox II"), a case involving similar circumstances, Magistrate Judge Coan recommended that this action be stayed pending entry of final judgment in the state case.

## II. Plaintiffs' Objections

The Plaintiffs claim that the state court judgment could not be res judicata in the federal action. The Plaintiffs begin from the premise that RICO actions must be brought against "enterprises" and argue that because the plaintiff in the state F.E.D. action was an individual (Eugene dePlomb), the RICO counterclaim could not have been a compulsory one. The Plaintiffs further contend that, in any event, res judicata requires identity of parties, and "Eugene dePlomb d/b/a Colorado Rental Properties", a named defendant here, is not a party to the F.E.D. action. Finally, the Plaintiffs argue that the elements of collateral estoppel have not been met.

## III. Analysis

The Plaintiffs' objections are not persuasive. First, the Magistrate did not rule that the RICO claim *will* be barred in the federal action by res judicata. Rather, the Magistrate ruled that the claim would *likely* be barred. Once a final decision is entered in the state case, this court will determine whether all the elements for res judicata have been met.

In Colorado, res judicata requires identification of parties or their privies. Pomeroy v. Waitkus, 183 Colo. 344, 517 P.2d 396, 399 (1973). Certainly, there is a substantial question of whether the Plaintiffs' attempts to differentiate "Eugene dePlomb" from "Eugene dePlomb d/b/a Colorado Rental Properties" is a distinction without a difference.

Even Plaintiffs' own RICO Complaint states: "Defendant Eugene dePlomb was and is relevant to the allegations contained herein a resident of El Paso County, Colorado d/b/a Colorado Rental Properties." [sic] Plaintiffs' Amended Complaint, ¶ 4. In effect, the Plaintiffs sue Mr. dePlomb as though he were one in the same as Colorado Rental Properties, rather than as a separate entity, essentially alleging privity between Eugene dePlomb and Colorado Rental Properties.

In addition, Plaintiffs confuse res judicata with collateral estoppel. The difference between the two is well explained in Pomeroy v. Waitkus, 183 Colo. 344, 517 P.2d 396, 399 (1973):

Res judicata in the strict sense refers to 'claim preclusion.' The doctrine holds that an existing judgment is conclusive of the rights of the parties in any subsequent suit on the same claim. It bars relitigation not only of all issues actually decided, but of all issues that might have been decided. *It requires an identity of parties or their privies,* as it would be unfair to preclude a party from litigating an issue merely because he could have litigated it against a different party.

Collateral estoppel, on the other hand, refers to 'issue preclusion.' The doctrine holds that the final decision of a court on an issue actually litigated and determined is conclusive of that issue in any subsequent suit. Collateral estoppel is broader than res judicata in that it applies to a cause of action different from that involved in the original controversy. It is narrower, however, in that it does not apply to

matters which could have been litigated but were not.

[emphasis added]

The fact that Defendants' motion is based on "claim preclusion" and Plaintiffs' objections are based on collateral estoppel demonstrate a lack of understanding of fundamental legal distinctions. Certainly the defense of *res judicata* remains alive to be determined by this court should that become necessary.

■ What needs decision at this point is whether Magistrate Judge Coan's recommended stay is justified under *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817—18, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). The recommended decision states the result is governed by *Fox II*, 112 F.3d 453, without focusing on the necessary predicate decisions of whether these proceedings are parallel with the state case and, if so, whether extraordinary circumstances warrant a stay. *See Fox v. Maulding*, 16 F.3d 1079, 1081—83 (10th Cir.1994)("Fox I"). I will make those determinations based on my *de novo* review.

This action appears to be parallel to the pending state proceeding. *See Fox I*, 16 F.3d at 1081 (10th Cir.1994)(Suits are parallel if substantially the same parties litigate substantially the same issues in different forums). The parties in this action are substantially the same parties involved in the state action. Moreover, I agree with Magistrate Coan's finding that "the Sladeks' RICO claim arises out of the same landlord–tenant relationship as dePlomb's forcible detainer action in El Paso County District Court, specifically the parties' dispute about the existence of an annually–renewable oral lease agreement with an option to the Sladeks to purchase the property." Finding that the proceedings are indeed parallel, I next determine whether abstention is warranted.

■ Courts consider several factors in deciding whether such "exceptional circumstances" exist as to warrant deference to parallel state proceedings, including: (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the courts obtained jurisdiction; (5) the vexatiousness or reactive nature of either the federal or state action; (6) whether federal law provides the rule of decision; (7) the adequacy of the state court to protect the federal plaintiff's rights; and (8) whether the party opposing abstention has engaged in impermissible forum-shopping. *See Fox I*, 16 F.3d at 1082 and the cases cited therein. No single factor is dispositive, rather, the weight of a particular factor may depend on the circumstances of the case. *Id. citing Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983). If I find that abstention is appropriate, then the preferred course is to "stay the federal action pending the outcome of the state proceedings." *Fox I*, 16 F.3d at 1083.

Almost all factors favor deference. The state court first assumed jurisdiction over a landlord–tenant dispute which is almost always an inherently local matter, governed by state rather than federal law (factors 1, 4 and 6). The El Paso County District Court is more convenient for the parties and their counsel, all located in Colorado Springs (factor 2). The state district court can decide the RICO claim and no good reason exists to have the same factual scenario decided on a piecemeal basis (factor 3 and 7). The sequence and timing of the various court actions at least suggest that the federal action may be vexatious or reactive (factor 5). As a result, I conclude that abstention is indeed appropriate.

Accordingly, I adopt the recommendation, as modified below. It is ORDERED as follows:

1. This action is stayed and the clerk is directed to administratively close it pending entry of a final, non–appealable judgment in El Paso County District Court Civil Case No. 96–CV–2258, *Eugene dePlomb v. Dennis and Diana Sladek;*

2. The parties shall advise the court of the entry of final, non–appealable judgment in the above–referenced state proceedings.

3. This action may be reopened after entry of such a judgment upon a motion showing good cause.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

COAN, United States Magistrate Judge.

This matter is before the court on defendant's Motion to Dismiss [filed July 22, 1997] and plaintiffs' Motion to Amend Complaint [filed July 31, 1997]. On August 1, 1997, an Order of Reference under 28 U.S.C. § 636(b) referred this case to the undersigned Magistrate Judge to issue a recommendation on defendant's motion to dismiss. The court has determined that oral argument would not materially assist her in her recommendation. For the reasons set forth below, the court recommends that: defendant's Motion to Dismiss be held in abeyance; plaintiffs' Motion to Amend Complaint be held in abeyance; and that the instant action be stayed.

### I. Background

Plaintiffs' amended complaint [filed June 17, 1997][1] contains the following allegations:

Plaintiffs have been tenants at rental property owned by defendant Eugene dePlomb from August 1988 to the present. Plaintiffs allege that in late 1994 the parties discussed the possibility of plaintiffs purchasing the rental residence. Plaintiffs allege that, at defendant's suggestion, plaintiffs signed a six–month lease in December 1994, at the same monthly rental they had been paying, so that the parties could work out the details of the residence purchase agreement.

Plaintiffs allege that in reliance upon defendant's representations that a purchase agreement would be reached, plaintiffs bought and installed new carpet in the rental property. Plaintiff alleges that when the six–month lease agreement terminated in May 1995, defendant suggested, and plaintiffs agreed, that the parties enter into a one–year oral lease agreement pursuant to which plaintiffs would be given an option to purchase the property at any time, and under which plaintiffs would make the same monthly rental payments as under past lease

agreements, a portion of which would be applied to a down payment on the residence. The oral lease agreement would automatically renew for a second and third year unless plaintiffs exercised their option to purchase or to terminate the lease at least 90 days prior to expiration. Plaintiffs allege that when they agreed to the oral leasing arrangement they notified defendant of their intent to make several improvements to the residence during the term of the lease agreement with no objection from defendants and in fact did make such improvements. Plaintiffs allege that the purpose of the oral lease arrangement was to allow plaintiffs to accumulate enough money for a down payment on the residence so that they would be able to obtain financing.

Plaintiffs further allege that in 1995 plaintiff Dennis Sladek undertook the defense of defendant dePlomb in a civil action which went to trial in 1996. A fee dispute between the parties thereafter ensued which was ultimately settled in small claims court.

Plaintiffs allege that in May 1996, defendant notified plaintiffs of a rent increase which plaintiffs allege violated the terms of the parties' oral lease agreement. Plaintiffs refused to pay the increased rent. Plaintiffs allege that defendant denied the existence of an oral lease arrangement.

Defendant filed a forcible entry and detainer action, under Colo. Rev.Stat. 13–40–101, *et seq.*, against plaintiffs in El Paso County Court on September 12, 1996, *Eugene dePlomb v. Dennis and Diana Sladek,* Civil Case No. 96–CV–2258. Plaintiffs removed the case to El Paso County District Court and filed an Answer, Counterclaim and Third Party Complaint on September 23, 1996 which asserts counterclaims against Eugene dePlomb for breach of contract, specific performance, promissory estoppel, retaliatory eviction, abuse of process, intentional infliction of emotional distress, and violation of state consumer protection laws.[2] See Notice

---

1. The court notes that plaintiff Dennis Sladek, an attorney licensed to practice law in Colorado, who is proceeding *pro se,* signed the amended complaint, but Diana Sladek did not. Fed.R.Civ. P. 11(a) requires a party plaintiff who is not represented by counsel to sign all pleadings.

2. The pending El Paso County District Court action is styled *Eugene dePlomb v. Dennis and Diana Sladek,* Civil Case No. 96–CV–2258.

Pursuant to D.C.Colo.LR 7.1(K) of Related Case.

Plaintiffs thereafter filed a complaint in this court on June 12, 1997 asserting a claim against defendant dePlomb individually under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* Plaintiffs filed an amended complaint on June 17, 1997 which contains the same allegations and RICO claim as the original complaint, but includes Eugene dePlomb d/b/a Colorado Rental Properties as a party defendant.

## II. Legal Analysis .

Defendant moves to dismiss plaintiffs' amended complaint on the ground that plaintiffs have failed to state a RICO claim against defendant. Defendant alternatively requests that the court decline to exercise jurisdiction over plaintiffs' RICO claim because the RICO claim arises out of the same factual transactions and occurrences as the counterclaims asserted by plaintiffs against defendant in the state court action. Defendant argues that plaintiffs' failure to assert a RICO counterclaim in the state action will operate as res judicata to preclude him from litigating that claim in this court once a final judgment has been entered in the state action.

The court addresses herein defendant's argument that the court should decline to exercise jurisdiction over plaintiffs' amended complaint.

■ A federal court must give to state court judgments "the same full faith and credit ... as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738. To determine what effect a state court judgment should be given in federal court, the federal court must ascertain what preclusive effect the state court would give its own decision. *Stifel, Nicolaus & Co. v. Woolsey & Co.,* 81 F.3d 1540, 1544 (10th Cir.1996).

Colorado's compulsory counterclaim rule, which is substantially identical to Fed. R.Civ.P. 13(a), states:

A pleading shall state as a counterclaim any claim which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Colorado Rule of Civil Procedure 13(a).[3]

■ Under Colorado law, a claim arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim if there is a logical relationship between the opposing claims. *Visual Factor, Inc. v. Sinclair,* 166 Colo. 22, 441 P.2d 643, 645 (1968); *see also, McCabe v. United Bank of Boulder,* 657 P.2d 976, 978 (Colo.App. 1982)(claim arises out of same transaction or occurrence as opposing party's claim if it involves many of the same factual and legal issues or offshoots of same basic controversy between the parties); *Pipeliners Local Union No. 798, Tulsa, Okl. v. Ellerd,* 503 F.2d 1193, 1199 (10th Cir.1974)(controlling test of compulsoriness is whether claim asserted in current action is logically related to the opposing party's claim in prior action by reason of the claims' common factual origin). A claim is a compulsory counterclaim if it arises out of the same events as the opposing claim even though the evidence necessary to establish the claims is quite different. *Visual Factor, Inc.,* 441 P.2d at 644.

■ A compulsory counterclaim is one that must be asserted or it is lost; thus, a litigant who fails to assert a claim as a compulsory counterclaim in the proper proceeding is thereafter precluded from asserting that claim in a later proceeding. *See Visual Factor, Inc.,* 441 P.2d at 643–45 (summary judgment on plaintiff's fraud claim proper where plaintiff should have asserted fraud claim as compulsory counterclaim in prior wage case arising out of same events). On

---

**3.** Colorado's compulsory counterclaim rule does not apply under two specified circumstances: (1) if, at the time the action was commenced, the claim was the subject of another pending action; or (2) the claim brought by the plaintiff in the state court action was not one upon which the state court had jurisdiction to render a personal judgment on that claim and the defendant has not asserted any counterclaims. Neither exception applies to the instant case.

the other hand, a claim that may be brought as a permissive, rather than a compulsory, counterclaim is not lost if not asserted in the first action.[4] *See Beathune v. Cain,* 30 Colo. App. 321, 494 P.2d 603, 604 (1971).

The Supreme Court has held that the state and federal courts have concurrent jurisdiction over RICO claims. *Tafflin v. Levitt,* 493 U.S. 455, 458, 110 S.Ct. 792, 794, 107 L.Ed.2d 887 (1990). Accordingly, the Sladeks could have filed their RICO claim as a counterclaim in the state court action. The record before the court to date shows that they have not done so.

Whether this court should decline to exercise its jurisdiction over plaintiffs' RICO claim because of the pending state forcible detainer action is governed by the Tenth Circuit Court of Appeals' recent decision in *Fox v. Maulding,* 112 F.3d 453 (1997). In that case, the plaintiffs filed a RICO action in the United States District Court for the Northern District of Oklahoma, along with pendent state law claims, against several defendants, including Security National Bank of Sapulpa (SNB). The district court stayed the federal proceedings because of a foreclosure action then pending in Oklahoma state court filed by SNB against the Foxes for defaulting on a mortgage loan. The district court found, and the Tenth Circuit Court of Appeals agreed, that the federal RICO action arose out of the same debtor/creditor relationship as SNB's claim against the Foxes in the state foreclosure action; therefore, the RICO claim should have been asserted as a compulsory counterclaim by the Foxes in the state action. Once the state proceedings reached a final judgment, the federal district court granted defendants' motion to dismiss on the ground that the Foxes' federal RICO claim was barred by the doctrines of claim and issue preclusion. The Foxes appealed the district court's dismissal of their RICO and pendent state law claims.

The Tenth Circuit Court of Appeals affirmed the dismissal on res judicata grounds, finding that the claims presented in the federal action arose out of the same debtor/creditor relationship as SNB's claims in the state foreclosure action. The court noted that although the federal RICO action involved alleged fraudulent loan activities by SNB which were not part of the state foreclosure action, the Foxes had alleged that SNB's fraudulent activities were part of an overall pattern of wrongful conduct. *Id.* at 457. Thus, the Court of Appeals held that the RICO claim arose out of the same transaction or occurrence that was the subject matter of SNB's foreclosure claim in state court for purposes of Oklahoma's compulsory counterclaim rule, Okla.Stat. tit. 12, § 2013(A). *Id.*

Here, the Sladeks' RICO claim arises out of the same landlord–tenant relationship as dePlomb's forcible detainer action in El Paso County District Court, specifically the parties' dispute about the existence of an annually–renewable oral lease agreement with an option to the Sladeks to purchase the property. Thus, the RICO claim arises out of the same transactions and occurrences as the forcible detainer action, despite the presence in the RICO action of additional allegations of fraud which are outside the landlord–tenant relationship.

If plaintiffs had not filed a RICO claim in federal court, but instead were to file a RICO claim in state court after the current state action reaches final judgment, the Colorado court would in all likelihood find that the claim was barred for failure to bring it as a compulsory counterclaim in the first state action. *Visual Factor, Inc. v. Sinclair.* Because under 28 U.S.C. § 1738, the federal court should give the same preclusive effect to a claim that it would have been given in the state court, the court recommends, in accordance with *Fox* and the abstention principles set forth in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), that the instant action be stayed pending entry of a final judgment in the state court case. *See also,* 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure,* § 1409, pp. 47–48 (1990).

### III. Recommendation

For the reasons set forth above, the court recommends that this action be stayed and

---

4. Under Colorado Rule of Civil Procedure 13(b), a permissive counterclaim is a claim which does not arise out of the transaction or occurrence that is the subject matter of the opposing party's claim.

that defendant's Motion to Dismiss and plaintiffs' Motion to Amend Complaint be held in abeyance pending entry of a final judgment in El Paso County District Court Civil Case No. 96–CV–2258, *Eugene dePlomb v. Dennis and Diana Sladek.*

It is further recommended that plaintiffs be ordered to advise the court of the entry of final judgment in the state proceedings.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation as provided by Rules of court. The district court judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**