**534**

**In re BCD CORPORATION, Debtor.**

**GOLFLAND ENTERTAINMENT CENTERS, INC., Appellant,**

**v.**

**BCD CORPORATION and Southern American Insurance Company, Appellees.**

**No. 2:97 CV 953 K.**

United States District Court,
D. Utah,
Central Division.

June 4, 1998.

Jeffrey L. Shields, Zachary T. Shields, Callister, Nebeker & McCullough, Salt Lake City, UT, for Golfland Entertainment Centers, Inc.

Leslie J. Randolph, Duane H. Gillman, McDowell & Gillman, P.C., Douglas M. Monson, Brent D. Wride, Ray Quinney & Nebeker, Salt Lake City, UT, Craig Carlile, Ray Quinney & Nebeker, Provo, UT, for BCD Corporation, Southern American Insurance Company.

## OPINION AND ORDER

KIMBALL, District Judge.

This matter is before the court on an appeal from the United States Bankruptcy Court for the District of Utah, Central Division. This matter came on for oral argument on June 2, 1998. The appellant was represented by Zachary T. Shields, Southern American Insurance Company was represented by Craig Carlile and Duane H. Gillman represented himself as the trustee. Oral argument was heard and the court took the matter under advisement. The court has carefully considered all briefs and other materials submitted by the parties. The court has further considered the law and facts relevant to this appeal. Now being fully advised, the court enters the following Opinion and Order.

### I. *BACKGROUND*

This appeal arises out of three consolidated orders entered by the Bankruptcy Court for the District of Utah, Central Division. The first Order is dated October 2, 1997 and is an Order Sustaining Trustee's Claims Objection and Disallowing the Proof of Claim filed by Golfland against the Debtor. The second Order is dated November 5, 1997 and authorizes the Trustee's entry into settlement stipulation and mutual release of claims. This Order specifically gave court approval for the payment of estate funds to Southern American Insurance Company ("SAIC"). The final Order is also dated November 5, 1997 and authorizes interim distribution to creditors. The appellant, Golfland, seeks reversal of these orders on the basis that actions of the Debtor in 1994 resulted in

damage to Golfland and Golfland should be given an opportunity to litigate the issues giving rise to these damages.

In 1994 the Debtor, BCD, filed Bankruptcy pursuant to Chapter 11 of the Bankruptcy Code. At the time of the filing, BCD attempted to sell its major asset, Seven Peaks Water Park in Provo, Utah. An auction was held and Golfland entered the highest bid of $2,200,000,00. BCD and Golfland entered into a contract for the sale and purchase of the water park at that price in February of 1994 (the "February Contract"). The terms of the February Contract were set forth in a written document, except as modified orally by the parties. The terms of the February Contract were presented to the Bankruptcy Court at a hearing on February 23, 1994 and the Court approved the sale of the water park pursuant to the contract. At the time of the auction, a second company, Peak Investment, entered a backup bid for the water park for approximately $400,000.00 less than the bid of Golfland.

After the approval of the February Contract some disputes arose between the Debtor and Golfland. After negotiations, a second contract was entered into between the parties in April of 1994 (the "April Contract"). The parties did not seek, nor did they obtain, court approval of this contract. On April 7, 1994, Peak Investment filed a Motion with the Bankruptcy Court challenging the Court's approval of the February Contract. Both Golfland and the Debtor opposed Peak's Motion, however, the Bankruptcy Court granted the Motion vacating its approval of the February Contract. Although the Debtor opposed the Motion, once the Bankruptcy Court vacated the February Contract, the Debtor held a second auction for the water park in an attempt to make more money. The water park was sold to a third party for $3,600,000.00.

Subsequent to the sale of the water park to a third party, Golfland appealed the Bankruptcy Court's Order vacating the February Contract. In September of 1995, Judge David Sam of the United States District Court for the District of Utah affirmed the Bankruptcy Court's Order. This decision was affirmed by the Tenth Circuit in *BCD Corporation v. Peak Investment, Inc.*, 119 F.3d 852 (1997). Golfland also filed a Proof of Claim in the Debtor's Bankruptcy Case which was objected to by the Trustee. A hearing was held on the matter and the Bankruptcy Court initially disallowed the Proof of Claim on the basis of collateral estoppel. Golfland filed a Motion for Reconsideration. The Bankruptcy Court held a hearing on the Motion for Reconsideration and again disallowed the Proof of Claim, this time citing the Tenth Circuit opinion and the "law of the case" doctrine. Shortly thereafter the Bankruptcy Court entered the Stipulation Order and the Disbursement Order.

## II. *STANDARD OF REVIEW*

In the review of orders from the Bankruptcy Court, there are three standards of review that may be applied. First, where the Bankruptcy Court is the finder of fact, the court's factual determinations will not be set aside unless they are "clearly erroneous." *See* Bankruptcy Rule 8013 and *Taylor v. I.R.S.*, 69 F.3d 411 (10th Cir.1995). A finding of fact is clearly erroneous only if the court has a definite and firm conviction that a mistake has been committed. *See In re Mama D'Angelo, Inc.*, 55 F.3d 552 (10th Cir.1995). Secondly, a bankruptcy court's ruling involving findings of fact may be overturned if the findings are premised on improper legal standards or on proper legal standards improperly applied. In these instances, the review of this court shall be *de novo*. *See In re Hedged–Investments Associates, Inc.*, 84 F.3d 1267 (10th Cir.1996). Lastly, this court will exercise *de novo* review over the Bankruptcy Court's conclusions of law. *See Hall v. Vance*, 887 F.2d 1041 (10th Cir.1989). Further, mixed questions of law and fact which involve primarily a consideration of legal principles are reviewed *de novo*. *See In re Ruti–Sweetwater, Inc.*, 836 F.2d 1263 (10th Cir.1988). Approvement of a compromise settlement and of interim distributions are reviewed for an abuse of discretion. *See Reiss v. Hagmann*, 881 F.2d 890, 891–92 (10th Cir.1989) and *In re Smith*, 180 B.R. 648, 651 (D.Utah 1995).

### III. *DISCUSSION*

■ Golfland's Proof of Claim consisted of seven causes of action. These included (1) breach of the February Contract, (2) breach of the April Contract, (3) breach of implied covenant of good faith, (4) negligence, (5) willful misconduct and bad faith, (6) remedies for detrimental reliance and (7) unjust enrichment. As stated above, the Bankruptcy Court disallowed the Proof of Claim on the basis that the Tenth Circuit had already decided that no contract existed and therefore Golfland did not have a cause of action. The Bankruptcy Court cited the "law of the case" doctrine in support of this ruling. In discussing the "law of the case" doctrine in *Stifel, Nicolaus & Co. v. Woolsey & Co.*, 81 F.3d 1540, 1543 (10th Cir.1996), the Court stated that:

> The law of the case doctrine obligates every court to honor the decisions of higher courts in the judicial hierarchy. "When a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Thus, for example, a trial court may not reconsider a question decided by an appellate court.

*(citations omitted).* Golfland argues on appeal that this was error for the reason that the Proof of Claim was not brought in the same case as was considered by the Tenth Circuit.

In *BCD Corporation v. Peak Investment, Inc.*, 119 F.3d 852 (1997) the Tenth Circuit held that it was not error or an abuse of discretion on the part of the Bankruptcy Court to set aside the sale of the water park to Golfland. The Tenth Circuit further held that there had not been an agreement as to the terms of the sale and "the bankruptcy court could not enforce the original terms of the sale because there had been no agreement as to the original terms...." *Id.* at 862. In other words, the Tenth Circuit's ruling makes it clear that no contract existed between Golfland and BCD Corporation. Even though Golfland's Proof of Claim was not brought in the identical case that was appealed to the Tenth Circuit, it is clear to this court that all claims brought in the Proof of Claim are untenable based upon the umbrella of the Tenth Circuit's ruling and the Bankruptcy Court's approval of the final sale for $3,600,000.00 to a third party. All of Golfland's claims against BCD flow from the failure to perform under the February Contract. The Tenth Circuit has ruled that there was no meeting of the minds as to the February Contract and therefore no contract existed. If there was no contract, Golfland does not have a remedy at law. Although this may not be exactly the kind of case that the "law of the case" doctrine typically applies to, this court can not reverse the Tenth Circuit's ruling that there was no contract between the parties which is what would have to be done in order for the appellant to have a cause of action.

■ This court agrees with the appellees that when the February Contract was vacated, Golfland became nothing more than an unsuccessful and disappointed bidder. In *In re Broadmoor*, 994 F.2d 744 (10th Cir.1993), the Tenth Circuit held that an unsuccessful bidder does not have a breach of contract claim. In its ruling, the Bankruptcy Court stated that:

> This Court ruled that there was no contract and that was affirmed by the Tenth Circuit. I think the concept that is bothering Golfland is that there is not a remedy for every occurrence of damages. Before you can have damages you must have a cause of action.

Transcript of September 4, 1997 Hearing at p. 20. Golfland may very well have been damaged by the actions of the Debtor in this matter, however, it simply does not have a cause of action under the law.

Lastly, Golfland argues that even if some of its allegations are barred by the Tenth Circuit ruling, not all of the allegations should be barred, specifically the claim for unjust enrichment. Golfland had the opportunity at two different hearings before the Bankruptcy Court to put forth evidence to support its claim that some of its causes of action encompassed different issues than the issue ruled upon by the Tenth Circuit. The fact that Golfland did not put on sufficient evidence when it had the chance does not mean that it should have another opportunity before the Bankruptcy Court. The Bank-

ruptcy Court heard the evidence and found that Golfland did not meet its burden of proof. This is a factual finding that will not be disturbed by this court. Therefore, it is hereby

ORDERED that the Judgment of the Bankruptcy Court is AFFIRMED.